Patrick E. Johnson (10771)
Paul T. Moxley (2342)
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
pjohnson@cohnekinghorn.com
pmoxley@cohnekinghorn.com

Edward B. Davis (*admitted pro hac vice*)
Joshua B. Durham (*admitted pro hac vice*)
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants. | **<u>DEFENDANTS' APPENDIX OF EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**<br><br>Case No. 1:17-cv-00142-RJS-EJF<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Evelyn J. Furse |

Pursuant to DUCivR 56-1(b0(5), B GSE Group, LLC and Bryan Bullerdick respectfully submit this Appendix of Evidence in Support of their Motion for Summary Judgment.

This the 18th day of April, 2019.

/s/ Edward B. Davis
Edward B. Davis
BELL, DAVIS & PITT, P.A.

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in the system.

Date: April 18, 2019

/s/ Edward B. Davis

# LIST OF EXHIBITS

| Exhibit Number | Description | Source of Document |
|---|---|---|
| 1 | Affidavit of Bryan Bullerdick | - |
| 2 | Deposition of Brian DeRoche (excerpts) | - |
| 3 | Deposition of Scott Dils (excerpts) | - |
| 4 | PowerPoint Presentation to Jacobs Engineering | BGSE_00359447 |
| 5 | Email chain between JBT and US Air Force Captain | JBT00131425–00131428 |
| 6 | Email chain between Austin and Bullerdick | BGSE_00249231 |
| 7 | Deposition of Bryan Bullerdick (excerpts) | - |
| 8 | Deposition of Scott Gwilliam (excerpts) | - |
| 9 | September 7, 2011 email and attachment between Maughan and Bullerdick. | JBT00001378 |
| 10 | JBT Responses to BGSE's Second Set of Interrogatories | Written Discovery Responses |
| 11 | Deposition of JBT under Rule 30(b)(6) (excerpts) | - |
| 12 | Submittal Package for MCAS Beaufort P-465 | BGSE_00243222 |
| 13 | August 2016 e-mail chain Re: Luke Air Force Base Hangar | JBT00141600–00141602 |
| 14 | August 2016 JBT email chain Re: Revised Quote for Luke F-35 (and attachments, excerpted) | JBT00113283–113284, JBT00113314–113316 |
| 15 | Deposition of David Duski (JBT's Damages Expert) (excerpts) | - |
| 16 | August 2016 email chain between Bullerdick and Okland | BGSE_00438592 |
| 17 | Expert Report of David Duski | - |
| 18 | HPCF-3000 18 GR Modification | JBT00148061–00148199 |
| 19 | August 2015 email chain between JBT and Decker Mechanical | JBT00149383–00149393 |
| 20 | January 2015 email chain between BGSE and JBT | JBT00054331 |
| 21 | July 31, 2017 email from Bullerdick | BGSE_00337953 |
| 22 | February 23, 2016 email from Bullerdick | BGSE_00429720 |
| 23 | BGSE Military Ground Support Document | BGSE_00246422 |
| 24 | Sept. 14, 2017 email from BGSE | BGSE_00346265 |
| 25 | JBT form 10-K for 2017, pp 1–7, 28. (excerpt) | Publicly filed financial report |
| 26 | Answer Customer's Question | BGSE_00161904 |

| | | |
|---|---|---|
| 27 | June 2014 email chain between Gwilliam and Bullerdick | BGSE_00161903 |
| 28 | June 19, 2017 Proposal | BGSE_00455578 |
| 29 | November 2, 2015 email from Bullerdick | BGSE_00226551 |
| 30 | F35 Equipment History | BGSE_00330403 |
| 31 | BGSE Group Question and Answer Letter | BGSE_00344813 |
| 32 | June 15, 2015 email from Bullerdick | BGSE_00208810 |
| 33 | August 9, 2017 email from Bullerdick with attachment | BGSE_00339470–BGSE_00339471 |
| 34 | April 6, 2017 email from Bullerdick | BGSE_00312539 |
| 35 | September 7, 2017 email from Bullerdick | BGSE_00344810 |
| 36 | August 3, 2017 email from Bullerdick | BGSE_00459036 |
| 37 | February 6, 2016 email from Scott Dils | BGSE_00429231 |
| 38 | June 14, 2017 email from Bodine to BGSE | BGSE_00455337 |
| 39 | June 8, 2015 email from Mike Austin (excerpt) | JBT00034092–34095 |
| 40 | Nov. 24, 2014 email from Gwilliam (excerpt) | BGSE_00398495 |

# EXHIBIT 1

Patrick E. Johnson (10771)
Paul T. Moxley (2342)
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
pjohnson@cohnekinghorn.com
pmoxley@cohnekinghorn.com

Edward B. Davis (*admitted pro hac vice*)
Joshua B. Durham (*admitted pro hac vice*)
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,

Plaintiff,

vs.

B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,

Defendants.

**AFFIDAVIT OF BRYAN BULLERDICK**

Case No. 1:17-cv-00142-RJS-EJF

Judge: Robert J. Shelby

Magistrate Judge: Evelyn J. Furse

I, Bryan Bullerdick, declare and state as follows:

1. I am a named defendant in this lawsuit, and am the President of Defendant B GSE Group, LLC ("BGSE"). I have personal knowledge of the subjects set forth in this Affidavit, which I make in support of Defendants' Motion for Summary Judgment.

2. BGSE is in the business of designing, installing, and servicing ground support equipment systems to meet the power and air requirements for military and commercial aircraft, including service pits integrating multiple items of ground support equipment. Within this industry, contracts are typically awarded through an extended bidding process.

3. I was an employee of JBT for approximately three years, between April 1, 2011

and April 1, 2014.

4. I had extensive experience in the aviation industry prior to becoming a JBT employee.

5. My first job after graduating from college was as a commercial airline pilot for US Airways.

6. In 2002, I joined Allied International, Inc., which was a global distributor of military and commercial aerospace equipment, as Director of Sales.

7. In 2004, I began working for FCX Systems, Inc. FXC is a global manufacturer of military and commercial aerospace equipment. I worked for FCX for approximately seven years and helped FCX grow by moving it into the market for supplying ground service equipment for the F-35 jet. While at FCX I was promoted to Executive Vice President.

8. In 2010 I started my own company, Bullerdick GSE, LLC, which eventually became BGSE.

9. I began working for JBT in April 2011 as a sales manager for JBT' Aerotech JASE (Jetway Aviation Support Equipment) division. I was hired based on my experience in the industry to help increase sales of power and air units in the JASE division.

10. When I began to work for JBT, JBT continued to do business with BGSE, including for many military projects, and I continued to have an active ownership role in BGSE. BGSE had valuable experience dealing with the construction aspect of military hangar projects. JBT had little to no experience in that side of things, as its experience to that point was chiefly in providing the equipment. My particular value as a member of BGSE was that my background gave me a strong understanding of how such equipment fits in with the overall design and how hangars and systems can be designed to better incorporate their equipment.

11. In winning military contracts and installing equipment on site, BGSE, and myself in my role as an owner of BGSE, gained a great amount of knowledge and experience in F-35 equipment and military hangar systems. By providing turn-key systems and acting as the intermediary between JBT, as the manufacturer, and the contractors, BGSE learned a great deal about how JBT's equipment actually performed when installed at a hangar, and BGSE added value to JBT by openly sharing its experiences with JBT.

12. In January of 2012, JBT and BGSE entered into a one-year distributorship agreement under which BGSE would be the exclusive supplier of certain JBT products for military projects within the United States that contained a Small Business Set Aside requirement.

13. When the distributorship agreement expired in 2013, JBT continued to sell products to BGSE as before, and JBT and BGSE began discussing entering into a renewed distributorship agreement.

14. I left my employment with JBT around April 1, 2014. This decision was made following a conversation with Bryan DeRoche where he promised that if I were to resign and focus my efforts on BGSE, JBT would enter into a new distributorship agreement with BGSE. I did resign from JBT in reliance on JBT's promises.

15. After I left my employment with JBT, JBT continued to sell equipment to BGSE.

16. BGSE purchased and installed approximately $7.7 million worth of equipment from JBT during the many years that we did business together.

17. In fact, JBT sold equipment to BGSE as recently as March 2017.

18. However, JBT and BGSE never entered into another distributorship agreement.

19. JBT describes BGSE during this time period as simply a "re-seller" of JBT equipment, but BGSE provided additional valuable services to its customers as well.

20. BGSE has always sought to provide turn-key ground support equipment systems, and so BGSE would also source and integrate equipment that JBT did not manufacture to satisfy the projects' total requirements.

21. BGSE's provision of complete systems has generally been successful, and BGSE has won many military contracts, including for F-35 hangars.

22. The bidding process on military projects, particularly F-35 projects is fairly drawn out. Government specifications underlie each project and set out certain baseline capabilities that the equipment and the system must meet.

23. Initially, engineers and design firms set the basis of design for the kind of equipment that they want on the project. Next, contractors and subcontractors solicit bids, after which submittal documents are typically required so that the approving entity can verify that the system will meet the required specifications.

24. BGSE regularly provided submittals when working on F-35 projects. In addition to including information about the proposed equipment, BGSE would include in these submittals photographs and other information showing past projects on which it had worked.

25. BGSE often incorporated information from prior submittals as it was working on new submittals, which is a common practice in the industry, from my experience.

26. In showing BGSE's past work on its various submittals or other materials, including its website, BGSE was never trying to trade on JBT's goodwill or reputation. BGSE was merely trying to demonstrate its own experience in the ground support equipment field and those specific projects where BGSE had played a role.

27. By showing past projects that BGSE had worked on, BGSE was also demonstrating that it had the capability to provide and install compliant products.

28. BGSE has never provided any products from other manufacturers bearing the JBT logo or marks. BGSE has also never provided any JBT equipment on which it obscured or removed JBT's logo or marks.

29. Because of the government specifications mandating certain performance capabilities, different manufacturers' products generally, and necessarily, perform the same functions. A different manufacturers' products do not incorporate any technology, trade secret, or confidential designs from JBT just by virtue of it being compliant with the specificiations.

30. Beyond designing, supplying and installing ground support equipment systems, BGSE also pursues maintenance and service contracts over the same equipment. BGSE has been awarded maintenance contracts in particular at military bases and hangars where BGSE supplied and installed the equipment. When it has maintenance contracts, BGSE is able to, and does, receive copies of the respective equipment's operation and maintenance manuals from the base.

31. Operation and Maintenance manuals are readily obtainable in the industry because they are often distributed to third-party maintenance contractors, or included in submittal documents that are shared with contractors and subcontractors. I do not consider those manuals, or their contents, to be trade secrets.

32. So much of what JBT challenges in this litigation are my and BGSE's attempts to represent our own experiences and capabilities in the industry. On at least one occasion, in relation to a bid for a military project in Lakehurst, New Jersey, JBT affirmatively instructed me to represent that all designs and products were coming from BGSE rather than JBT. I never viewed this or other similar actions as misrepresentation. I viewed this as being consistent with my experience and expertise in providing turn-key systems, which were the very things in which JBT saw great value when it hired me.

33. It has never been my intention to harm JBT. My intent has always been to provide my experience and insight, and BGSE's services, to provide the best solution for the customer.

[SIGNATURES ON FOLLOWING PAGE]

This the 18 day of April, 2019.

/s/ Bryan Bullerdick
Bryan Bullerdick

SWORN TO AND SUBSCRIBED before me,
this the 18 day of April, 2019.

[signature]
*Signature of Notary Public*

Maria A. Thomas
*Printed Name of Notary Public*

My Commission Expires: 3.3.2024

MARIA A THOMAS
Notary Public
Iredell Co., North Carolina
My Commission Expires Mar. 3, 2024

# EXHIBIT 2

JOHN BEAN TECHNOLOGIES CORPORATION

vs

B GSE GROUP, LLC

BRIAN DEROCHE

November 28, 2018

DEPOMAXMERIT
LITIGATION SERVICES

333 South Rio Grande
Salt Lake City, Utah 84101
www.DepoMaxMerit.com

Toll Free 800-337-6629
Phone 801-328-1188
Fax 801-328-1189

[redacted]

[redacted]

[redacted]

[redacted]

26

[redacted]

30

[redacted]

[redacted]

[redacted]

[redacted]

174

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

182

[redacted]

[redacted]

[redacted]

[redacted]

186

[redacted]

[redacted]

[redacted]

[redacted]

# EXHIBIT 3

CERTIFIED COPY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware Corporation, )
)
Plaintiff, )
)
vs. ) 1:17-cv-00142-RJS
)
BGSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual, )
)
Defendants. )

# VIDEOTAPED DEPOSITION OF MARSHALL SCOTT DILS

July 26th, 2018

Michael G. McMorran, CSR No. 13735
440101

SINCE 1972

BARKLEY Court Reporters
barkley.com

(310) 207-8000 Los Angeles
(310) 207-8000 Century City
(916) 922-5777 Sacramento
(951) 686-0606 Riverside
(212) 808-8500 New York City
(312) 379-5566 Chicago
(415) 433-5777 San Francisco
(408) 885-0550 San Jose
(800) 222-1231 Martinez
(818) 702-0202 Woodland Hills
(347) 821-4611 Brooklyn
00+1+800 222 1231 Paris
(949) 955-0400 Irvine
(760) 322-2240 Palm Springs
(702) 366-0500 Las Vegas
(702) 366-0500 Henderson
(518) 490-1910 Albany
00+1+800 222 1231 Dubai
(858) 455-5444 San Diego
(800) 222-1231 Carlsbad
(800) 222-1231 Monterey
(516) 277-9494 Garden City
(914) 510-9110 White Plains
001+1+800 222 1231 Hong Kong

Page 26

[redacted]

[redacted]

[redacted]

[redacted]

Page 30

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Page 34

[redacted]

[redacted]

[redacted]

[redacted]

# EXHIBIT 4

EXHIBIT 111
WIT: M Dils
DATE: 7/26/18
Michael McMorran, CSR, RPR

BGSE Group

JBT AeroTech

**Presentation to Jacobs Engineering**


BGSE Group
• Woman owned small business head quartered in North Carolina, with a sales office in San Diego California
• Exclusive distributorships with JBT Aerotech and Combibox for the American military market


400hz point of Use and Central Systems
270vdc stand alone
270vdc/400hz Combo Units for Legacy Aircraft
400hz 28vdc Combo Units
28vdc
Pre Conditioned Air
Point of Use PCAir/ Central PCAir/ Air Handler Units
Distribution Switch Gear
Active and Passive Line Drop Compensators
Gate Boxes
Cables
Diesel Powered Equipment
All Equipment can be made Mobile
Aircraft Service PITS
Aircraft Service Points
Engine Air Starts


BGSE Services
• Project and Construction Assistance
• Maintenance, Field Service, On Site Training
• Spare Parts and Accessories
• Equipment Installation
• Commitment to ensuring our customers have a successful project
NAVY


What Can We Do For You
• BGSE Cumulatively Has 46 Years of Aviation Experience
• Completed dozens of military power and PCAir projects
• Assisted in numerous designs
• JBT has been in the aviation market for 53 years
• Together JBT and BGSE have developed, marketed, and tested power conversion, PCAir, and Aircraft Air Start products for the 21st century warfighters' needs
• Working with our customers to develop products and services needed in todays complex world
• Ensuring our service before, during and after the sale is as good as our products

# 400HZ Central Systems



# 400HZ Central System Rough



# Jet Power III 312kva and 180kva




300% Overload
NEMA 4 Cabinet Standard
Variable Inputs 60hz and 50hz
Variable Outputs 208/120vac, 200/115vac, 575vac and 960vac
30 Minutes MTTR
20 Year Average Life
LED Screen and keypad interface
92% Efficiency
Noise 70dba to 1.0 Meter
Voltage Regulation Better than 1%
Output Frequency Regulation 400hz +/- 0.1%
2% or less THD on output
Standard E&F, Emergency Stop, 7% LDC

# Gate Box LDC's/ FLEDS




- Stainless Steel or Powder Coated Aluminum
- Single Output or Dual Output (Independent or Shared)
- Line Drop Compensation to 20%
- Any Input Any Output
- Low Profile
- Completely contained unit, 4" from deck. Stub up power from bottom
- Additional Convenience Outlets can be accommodated
- 480vac, 208vac, 120vac, HP Air, Data Outlets
- Airfield Hazard Lights
- Cable Outlets
- Cable Racks Integrated or Free Standing

# 400HZ Point Of Use



# Jet Power IIIS/ Cube




- Low Profile 36"x36"x36"
- 18" off Deck with stand or foam filled tires
- Lightweight
- 300% Overload
- E&F Standard
- Various Inputs/Multi-tap Transformer
- 7% Line Drop Compensation
- 15kva to 90kva
- 28vdc Combo Capable
- Integrated Cable Racks

# Jet Power III Plus




- Available in 90kva, 140kva, 180kva, or in between
- Standard NEMA 4 Enclosure
- 300% Overload
- E&F Standard
- Various Inputs 380vac to 480vac
- 7% Line Drop Compensation
- 28vdc Combo Capable
- Integrated Cable Racks
- Designed Primarily for Hangar and Utility Room Applications
- Fits through any standard door opening

# Jet Power III




- Available in 45kva, 90kva, 140kva, 180kva, or in between
- Standard NEMA 4 Enclosure
- 300% Overload
- E&F Standard
- Various Inputs 380vac to 480vac
- 7% Line Drop Compensation
- 28vdc Combo Capable
- Integrated Cable Racks
- Horizontal design for flight line, ramp, pad, or under bridge application
- Single or dual output


270VDC/Combo

# 270VDC




- 270VDC 270 Amp Output
- Fully Tested to Lockheed Martin Specifications
- 28vdc 15amp interlock output
- 28vdc E&F Interlock output
- Digital Controlled
- Point of use
- Can Integrate Cable Reel
- NEMA 4 Enclosure Suitable for Hangar, Apron or Flight Line applications
- Compatible with F-22 and F-35

# Combo 270VDC/400HZ




- Designed for use in Legacy Hangars
- 90kva 400hz 270VDC
- Either or power
- Suitable for F22 ,F35, F15, F16, F18, F4, A4 Fighter/Attack Aircraft
- NEMA 4 Enclosure
- Digital LCD Interface


PCAir Products

# JBT AeroTech® JetAire Military Products

1. Direct Expansion (DX) 20-ton to 120-ton

1. Air Handler (AHU) class A – F aircraft

1. High Pressure (HPC or CAS) up to 8 PSI

4. Bleed Air (Air Start) class A – F aircraft

JBT AeroTech

Jetway Systems®

## JBT AeroTech® JetAire DX UNITS






DX mobile 110-ton above and 20-ton fixed electric to the left

Direct expansion units take 100% outside
air and cools to 35˚F or heats to 140˚F in
general and they are designed for ambient operating conditions ranging
from -55˚F to 140˚F

JBT uses 410A, 407C and 134A refrigerants

Mobile diesel options or fixed electric options

DX boost units for severe climates

Multiple output units

Custom designs for specific customer needs

Most advanced test chamber in the industry
To ensure the highest QC process.

# JBT AeroTech® JetAire Air Handler Units



JBT manufactures class A to F sized air handler units. (Regional to Airbus 380)

This is a custom product line to provide sub freezing air using 100% ambient air.

These AHUs can work on a 2 or 4 pipe glycol/water mixture system.

B GSE Group can help design the main system and supply the central chillers, ice storage and other supporting system equipment for turn key applications.

# JBT AeroTech® JetAire High Pressure Air








JBT has the most experience in the industry manufacturing
high pressure jet fighter aircraft air units.

They have two basic units. The HPC F and HPC X.

The HPC F is a 6 PSI 30-ton 40hp F 35 JSF fixed or mobile unit
which also works on many other fighter jet aircraft.

The HPC X is an 8 PSI + unit that can operate in ambient
conditions up to 140˚F. This was actually tested!!!

Both units are state-of-the-art. The controls, logic and
operational displays are matched by no one

Both units have optional 270VDC and/or 400HZ addition
capabilities

# Engine Air Start Unit



# JBT AeroTech® JetAire Air Start Units



JBT manufactures a full line of bleed air (Air
Start) units.

These units start jet engines pneumatically

They are considered the quietest units in the
Industry as small and high performing

| CAS Unit Performance | | | | | |
|---|---|---|---|---|---|
| Small Family | | Medium Family | | Large Family | |
| CAS-750 | | CAS-550 | | CAS-300 | |
| Flow lb./min (kg/min)* | Pressure psig (kPa)* | Flow lb./min (kg/min)* | Pressure psig (kPa)* | Flow lb./min (kg/min)* | Pressure psig (kPa)* |
| 100 (45) | 40 (276) | 250 (114) | 40 (276) | 400 (182) | 40 (276) |
| CAS-650 | | CAS-450 | | | |
| Flow lb./min (kg/min)* | Pressure psig (kPa)* | Flow lb./min (kg/min)* | Pressure psig (kPa)* | | |
| 180 (82) | 40 (276) | 300 (136) | 40 (276) | | |

# Aircraft Service PITS



# CombiBox Products

- PITS are the only solution that can bring the needed
- service points to the aircraft without causing obstruction
- to the flight line or hanger floor.

- In one PIT (YUMA MCAS for instance) has a POP UP with
- 400HZ, 270VDC, 2 480 V receptacles, 2 120 V receptacles
- 2 shop air connections all organized neatly on a 5 foot
- POP UP assembly. When not in use, everything is stored
- in the floor. The alternatives are to run all of this above ground
- to aircraft or provide 6 foot tall service pedestals that are always
- fixed in place above the ground an in the way.

POP UP PITS

a. Power
b. Water
c. LAV

HATCH PITS

a. Power
b. Air
c. Water
d. LAV
e. Fuel
f. Air Start

COMBIBOX
SYSTEMS

## CombiBox Hatch PITS



Hatch PITs are galvanized steel PITs with a 20 year corrosion guarantee that while not in use or during use can be flush to the floor.

The lid of the hatch PIT offers the service points to you.

These are the most common PITs installed





# CombiBox POP UP PITS



A POP UP PIT is an upgrade to a hatch PIT

You can get a completely POP UP PIT with a galvanized box 100% pre-assembled or you can request only the mechanical and electrical guts to the PIT and a cement chamber would need to be poured.

A POP UP does just that. It has counter weight that when opened will rise 5 foot up and present to user all the service points requested.



# JBT Service Centers



# JBT Services

- JBT Offers Long term Airport Service Contracts
- 24 Hour Repair
- On Site Preventive Maintenance
- Installation of products
- All Makes and Models
- System Engineering
- Product Support

# B GSE Group Integration

B GSE Group is the exclusive turn key distributor of JBT AeroTech military products and CombiBox USA. Together, we can supply a complete solution for power and air and incorporate the distribution of the power in air above or below ground.

We have extensive experience supplying F 35 hangers as well as legacy fighter, service, cargo and specialty military and commercial aircraft.

B GSE Group stays on the cutting edge of technology because we involve ourselves with our manufactures R & D process as well as listen closely to our customers specific requests. By doing this we are able to solve problems and help create the latest solutions in the industry. With over 45 years of combined experience, you can count on B GSE Group to be knowledgeable and responsive. Please let us know how we can service you.

# EXHIBIT 5

**From**: Schroeder, Jason [/o=JBTC/ou=Ogden/cn=Recipients/cn=schroej]
on behalf of Schroeder, Jason [/o=jbtc/ou=ogden/cn=recipients/cn=schroej]
**Sent**: 4/8/2014 5:53:46 PM
**To**: 'BAIR, CASSIDY J Capt USAF AFSOC 27 SOMAXS/MXAA' [cassidy.bair.1@us.af.mil]
**Subject**: RE: JBT AeroTech Groun Power Systems

[redacted]

[redacted]

[redacted]

[redacted]

# EXHIBIT 6

**From:** Bryan Bullerdick <Bryan@bgsegroup.com>
**Subject:** Re: Follow-upRE: PCA Question
**Sent:** Fri, 8 Apr 2016 13:34:40 -0400
**To:** "Austin, Michael" <Michael.Austin@JBTC.COM>

More bad news. Cavotec is putting bids now on fixed CAS units. If I put a blanket order for 20 JBT CAS units with 50 grains humidity - all fixed- all the same and then added master controllers as needed, what price can we get?
I need stands included in price.

**Bryan Bullerdick**
**President**
**BGSE Group**
**Office: 704-992-9522**
**Cell: 704-488-0084**
bryan@bgsegroup.com
bgsegroup.com

**CONFIDENTIALITY NOTICE: The materials in this electronic mail transmission or fax (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and is intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure; copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this electronic mail transmission or fax in error, please immediately notify the sender, and thereafter, destroy it immediately.**

On Apr 8, 2016, at 11:52 AM, Austin, Michael <Michael.Austin@JBTC.COM> wrote:

Hi Bryan,

I appreciate your reply, to include you review of the market dynamics involved. We do understand and value your efforts to keep JBT products in and others out. One side question; When you make reference to FCX, do you mean Twist? I am under the understanding that FCX is no longer producing HPC, as that portion went to Twist…..correct? We understand the pricing pressures and that you typically bundle your bid to provide turnkey. I am not sure others do this (I know ITW does not). I am wondering if the various mechanical install companies that you bid to generally prefer the "bundled approach" or do they view that it to contain part of the very services they provide (hardware install, piping/conduit and the like? It *seems* a sound strategy and it has worked well for us both I the past and hope it does in the future as well. I appreciate that when others bid units (to the installer) , and you bid a "bundle of services including units", it changes the dynamics….for us and the Contractors.

The HPC unit costs are what they are and we are buying and building (in some cases), consistent volume which helps on the cost side. I can tell you that the pricing provided since I have been involved are based on very slim margins. In an earlier email relative to this subject, you had mentioned $50K /per unit objective at one point. I am sure you already know that our ***base costs well exceed that number.*** Perhaps with improved/predictable quantity we can make some strides on the cost side, which is why we want to support your request for a blanket order approach. We have every incentive to keep you competitive by offering great pricing., provided it serves to help us **both** to win the project.

If your recall, several months ago now we spoke regards the Lemoore project, and I shared that Jacobs made a "ROM Pricing" inquiry…and sent us the drawing package in support of the request. At that time P378 listed only the JBT JetAire PCA, I believe it was 18K grains back then, but now appears to be the basic 0-55 grains, therefore our standard HPC-F applies, correct? Is JBT still the only listed qualified supplier on this project? I know that we originally quoted 18K grain, but then came back with a base unit quote. I am revisiting the prices quoted under that bid and others to get the price matrix in place.. I am aware that the actual bidding for the project is taking place now. So I have to ask again, ***are you taking JBT PCA (only) to this dance, as part of your bundled bid?***

Thanks in advance for your clear reply.

Mike Austin

---

**From:** Bryan Bullerdick [mailto:Bryan@bgsegroup.com]
**Sent:** Friday, April 08, 2016 6:24 AM

**To:** Austin, Michael
**Subject:** Re: PCA Question

The answer to your first question, they have some jobs still with 18 grains and some with zero water droplets but allows for up to 50 grains.

We have 7 CAS unit jobs all in different phases of bid.

Problem One: Many of these contractors have become friends of BGSE. We have done many projects with them. We are seeing our competitors quotes and the difference in what I can offer price wise and their offers is even worse than Verde. We can get Verde excused from the process. I got ITW to write they do not have a JO3C that meets these specs. But I have a problem with FCX. I can't beat their offer. In fact I can't come within 25% of it.

I am close to getting FCX disqualified but they just keep hanging on. So it has been less about pricing because JBT really is priced out of the market right now and more about getting the market brought back up to JBT pricing. I got JBT listed in all the specs but FCX and ITW are listed as well. I got ITW under control. Just not FCX. These contractors know our pricing. We are bidding these turn key. The PITs are helping a little bit but it is ugly. I wrote back a month ago I need better pricing on the CAS units but have not seen anything.

We won't let these go without a fight but right now the fight is to get other disqualified so our turn key can work. The price difference is so much it is just difficult to win without getting the others disqualified.

In an attempt to solve the disqualification issue BGSE has taken position on design teams so we can help disqualify a bid during submittals. Right now we have been waiting on FCX submittals on one project to see what they have to offer officially. It has been very difficult to say the least because I have everything I need to win and win big but the right CAS price. Not to say JBT's pricing is wrong, but at this time and place it is not where it needs to be. Even when I steel profit from the PITs to artificially lower the purchase price of the CAS units.

**Bryan Bullerdick**
**President**
**BGSE Group**

**Office: 704-992-9522**
**Cell: 704-488-0084**
bryan@bgsegroup.com
bgsegroup.com

**CONFIDENTIALITY NOTICE: The materials in this electronic mail transmission or fax (including all attachments) are private and confidential and are the property of the sender. The information contained in the material is privileged and is intended only for the use of the named addressee(s). If you are not the intended addressee, be advised that any unauthorized disclosure; copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this electronic mail transmission or fax in error, please immediately notify the sender, and thereafter, destroy it immediately.**

On Apr 7, 2016, at 11:25 AM, Austin, Michael <Michael.Austin@JBTC.COM> wrote:

Hi Bryan,

I have a question or two regards Lemoore project. Looking back on our quotes, there was an unknown if they were going with the standard HPCF, or the 18,000 grain version. Dis they decide to go with the base unit?

Secondly, just to confirm.....you are bidding JBT HPC for this project, correct? Just wanted to make sure.

**Mike Austin**
JBTC-AeroTech
Regional Sales Manager – JASE
**Primary Ph: 801-389-1342 (M)**

Alt. Office : 801- 629-3143
Email: Michael.austin@jbtc.com

JBT Corporation®
1805 West 2550 South | Ogden, UT | 84401 USA
P: 801 627 6600 | F: 801 629 3473
www.jbtaerotech.com

<image001.jpg>

**IMPORTANT NOTICE: This e-mail, including any attachments, is intended solely for use by the addressee(s) named above. It may contain confidential information for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by return e-mail and permanently destroy all copies of the original message.**

**Computer viruses can be transmitted via email. The recipient should check this e-mail and any attachments for the presence of viruses. JBT Aerotech accepts no liability for any damage caused by any virus transmitted by this e-mail.**

# EXHIBIT 7

CERTIFIED COPY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BGSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants. | Case No. 1:17-cv-00142-RJS |

CONFIDENTIAL

VIDEOTAPED DEPOSITION OF BRYAN M. BULLERDICK

June 21, 2018

Cindy A. Hayden,RMR, CRR, Notary Public #20020910053 439328

SINCE 1972

BARKLEY Court Reporters
barkley.com

(310) 207-8000 Los Angeles
(310) 207-8000 Century City
(916) 922-5777 Sacramento
(951) 686-0606 Riverside
(212) 808-8500 New York City
(312) 379-5566 Chicago
(415) 433-5777 San Francisco
(408) 885-0550 San Jose
(800) 222-1231 Martinez
(818) 702-0202 Woodland Hills
(347) 821-4611 Brooklyn
00+1+800 222 1231 Paris
(949) 955-0400 Irvine
(760) 322-2240 Palm Springs
(702) 366-0500 Las Vegas
(702) 366-0500 Henderson
(518) 490-1910 Albany
00+1+800 222 1231 Dubai
(858) 455-5444 San Diego
(800) 222-1231 Carlsbad
(800) 222-1231 Monterey
(516) 277-9494 Garden City
(914) 510-9110 White Plains
001+1+800 222 1231 Hong Kong

Page 150

[redacted]

[redacted]

[redacted]

[redacted]

Page 154

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Page 158

[redacted] have been
just superfluous to do so.

Page 162

[redacted]

Page 166

[redacted]

[redacted]

[redacted]

[redacted]

Page 170

[redacted]

[redacted]

[redacted]

[redacted]

Page 226

[redacted]

[redacted]

[redacted]

Page 229

[redacted]

Page 230

[redacted]

[redacted]

[redacted]

[redacted]

Page 234

[redacted]

# EXHIBIT 8

JOHN BEAN TECHNOLOGIES CORPORATION

vs

B GSE GROUP, LLC

SCOTT GWILLIAM

November 07, 2018

DEPOMAXMERIT
LITIGATION SERVICES

333 South Rio Grande
Salt Lake City, Utah 84101
www.DepoMaxMerit.com

Toll Free 800-337-6629
Phone 801-328-1188
Fax 801-328-1189

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# EXHIBIT 9

**From:** MAUGHAN, STEVEN [/O=JBTC/OU=FT-SANDUSKY/CN=RECIPIENTS/CN=STEVEN.MAUGHAN]
**Sent:** 9/7/2011 4:12:00 AM
**To:** Bullerdick, Bryan [bryan.bullerdick@jbtc.com]; B GSE (bryanbullerdick@bullerdickgse.com) [bryanbullerdick@bullerdickgse.com]; JORGENSEN, ELEANA [eleana.jorgensen@jbtc.com]
**CC:** DeROCHE, BRIAN [brian.deroche@jbtc.com]; Becker, Terry [terry.becker@jbtc.com]; GWILLIAM, SCOTT [scott.gwilliam@jbtc.com]; Nestel, Steve [steve.nestel@jbtc.com]; Law, Perry [perry.law@jbtc.com]; EZOLA, SCOTT [scott.ezola@jbtc.com]
**Subject:** Submittals - Beaufort
**Attachments:** HPC-F Submittal Beaufort.docx; 515569.pdf

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# EXHIBIT 10

David P. Billings (UT # 11510)
Robert G. Crockett (UT # 12067)
**FABIAN VANCOTT**
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323
Telephone: (801) 531-8900
Facsimile: (801) 596-2814
rcrockett@fabianvancott.com
dbillings@fabianvancott.com

Edward S. Weil *(admitted pro hac vice)*
Steven M. Zeller *(admitted pro hac vice)*
Michael F. Derksen *(admitted pro hac vice)*
**DYKEMA GOSSETT PLLC**
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
eweil@dykema.com
szeller@dykema.com
mderksen@dykema.com

*Attorneys for John Bean Technologies Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,

Plaintiff,

vs.

B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,

Defendants.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

Case No. 1:17-cv-00142-RJS-EJF

Judge: Robert J. Shelby

Magistrate Judge: Evelyn J. Furse

Plaintiff, John Bean Technologies Corporation ("JBT"), by and through its counsel, Dykema Gossett PLLC, responds to Defendants' Second Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33 as follows:

## GENERAL OBJECTIONS

JBT asserts its General Objections with respect to each interrogatory. JBT's specific objections and responses below are subject to and without waiver of the following General Objections:

1. JBT objects generally to the interrogatories to the extent they purport to impose burdens greater than and/or inconsistent with those imposed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Utah.

2. JBT's specific answers below are based on JBT's investigation to date and the information that is reasonably available to it at this time. JBT reserves the right to supplement or modify its answers to the interrogatories.

3. JBT objects to the interrogatories to the extent they seek documents or information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges. To the extent any such information is inadvertently produced, such production is not intended as a waiver of any applicable privilege and JBT expressly reserves the right to seek the return of such inadvertently-produced information as set forth in the Protective Order applicable to this case.

4. JBT objects to the interrogatories to the extent they seek information or documents that are as equally available to Defendants as they are to JBT, are in the public domain, are in the possession, custody, or control of third parties, or are otherwise not within JBT's possession, custody, or control.

5. JBT objects to these interrogatories to the extent they seek documents or information that is not obtainable by readily accessible sources.

6. JBT objects to the factual characterizations in the interrogatories. By responding to an interrogatory, JBT does not admit or accept the factual characterizations contained in any interrogatory; nor does JBT concede the relevance or admissibility of any information or documents requested or provided.

7. Objections and responses are not to be a representation that responsive documents exist, nor are they to be a representation as to the nature and extent of any responsive documents in existence.

8. JBT objects to the use of the word "all" in the interrogatories as being, in many instances, overly broad and too encompassing to permit literal compliance, which would be unduly burdensome. JBT disclaims any obligation to respond to those interrogatories that demand that JBT provide all information or documents relating to any subject.

## ANSWERS TO SECOND SET OF INTERROGATORIES

**1. Give the names, addresses and telephone numbers of persons known to the parties or counsel to be witnesses concerning the facts of the case, indicate whether or not written or recorded statements have been taken from the witnesses, and indicate who has possession of such statements. For each witness identified, set forth a summary sufficient to inform the other party of the important facts known to or observed by such witness.**

**ANSWER:** JBT incorporates its General Objections as if fully set forth herein. JBT objects to this interrogatory as being unduly burdensome, overbroad, and premature. JBT further objects that the portion of this interrogatory seeking "a summary sufficient to inform the other part of the important facts known to or observed by such witness" would be more appropriately addressed by way of deposition testimony. Subject to and without waiving the foregoing objections, JBT answers that in addition to the current and former officers, employees and representatives of Defendant BGSE and Defendant Bullerdick, at least the following persons are witnesses concerning the facts of this case:

a. Brian DeRoche, Vice President and General Manager, Jetway Systems, JBT AeroTech. Mr. DeRoche has not made any written or recorded statements. Mr. DeRoche has knowledge regarding JBT's trade secrets, Defendant Bullerdick's employment with JBT, JBT's business relationship with BGSE, how Defendants misappropriated JBT's trade secrets, how Defendants improperly retained and

misused JBT's confidential information and documents, and Defendants' interference with JBT's business relationships and contracts.

b. Scott Gwilliam, Global Business Manager, JBT AeroTech. Mr. Gwilliam has not made any written or recorded statements. Mr. Gwilliam has knowledge regarding JBT's trade secrets, Defendant Bullerdick's employment with JBT, JBT's business relationship with BGSE, how Defendants misappropriated JBT's trade secrets, how Defendants improperly retained and misused JBT's confidential information and documents, and Defendants' interference with JBT's business relationships and contracts.

c. Scott Schrinner, Twist, Inc. JBT is not aware if Mr. Schrinner has made any written or recorded statements. Mr. Schrinner has knowledge regarding the transmission of JBT's trade secrets and confidential information from Defendants to Twist, Inc.

d. Don Maynard, Twist, Inc. JBT is not aware if Mr. Maynard has made any written or recorded statements. Mr. Maynard has knowledge regarding the transmission of JBT's trade secrets and confidential information from Defendants to Twist, Inc., and presumably has knowledge of how Defendants have defamed JBT and interfered with JBT's business relationships and contracts.

e. Carl Monroe, USS, LLC. JBT is not aware if Mr. Monroe has made any written or recorded statements. Mr. Monroe presumably has knowledge of how Defendants have defamed JBT and interfered with JBT's business relationships and contracts.

JBT further refers to the authors and recipients of correspondence produced by Defendants in this matter, who would presumably have knowledge of the contents contained in such communications. JBT reserves its rights to supplement this answer as more witnesses are identified.

**2. Identify and describe the categories and amount of damages sought in connection with each alleged cause of action in the First Amended Complaint. Your**

**response should include an itemized computation of any category of damages you presently claim in this lawsuit, including the underlying method of computation.**

**ANSWER:** JBT incorporates its General Objections as if fully set forth herein. JBT objects to this interrogatory as being unduly burdensome, overbroad, and premature. JBT also objects to this interrogatory as compound. Further, JBT states that its expert has not yet prepared a formal computation of damages, which will be included in any Report prepared and served in accordance with the Amended Scheduling Order. Subject to and without waiving the foregoing objections, JBT answers that it seeks the following categories of damages from Defendants under one or more counts in its First Amended Complaint:

a. JBT's lost profits related to the loss of sales in connection with the following projects:

   i) LAX West End

   ii) NAS Lemoore (P-328)

   iii) MCAS Beaufort (P-465)

   iv) Kadena AFB (Japan) (P-803)

   v) BGSE Blanket Order (cancelled Jetpower® units)

   vi) MCAS Beaufort (P464)

   vii) MCAS Lemoore (P-378)

   viii) Luke AFB (Hanger 3)

   ix) VT National Guard (Burlington)

   x) Eielson AFB (EIE376)

   xi) Eielson AFB (EIE378)

b. Disgorgement of BGSE's unjust enrichment in the form of profits obtained in any of the above projects;

c. Exemplary damages, up to twice the damages above for Defendants' willful and malicious conduct under one or more of the counts in the First Amended Complaint.

**3. With regard to JBT's alleged cause of action for defamation, identify each false or defamatory statement that you contend any defendant made about JBT, including the date, location, and third party to whom you alleged each statement was made.**

**ANSWER:** JBT incorporates its General Objections as if fully set forth herein. JBT objects to this interrogatory as being unduly burdensome, overbroad, and premature. Subject to and without waiving the foregoing objections, JBT directs Defendants to the documents they produced to JBT, including, but not limited to: BGSE_00245468; BGSE_00246412; BGSE_00246418; BGSE_00246420; BGSE_00246422; BGSE_00246429; BGSE_00268322; BGSE_00268339; BGSE_00269937; BGSE_00287348; BGSE_00287357; BGSE_00287363; BGSE_00288168; BGSE_00312539; BGSE_00312540; BGSE_00312542; BGSE_00339470; BGSE_00344154; BGSE_00344810; BGSE_00344813; BGSE_00430593; BGSE_00430788; BGSE_00443682; BGSE_00444712; BGSE_00446712; BGSE_00450006; BGSE_00450008; BGSE_00459036; BGSE_00461632. [[BGSE_00208810; BGSE_00226551; BGSE_00264782; BGSE_00310686; BGSE_00329163; BGSE_00330403; BGSE_00449423; BGSE_00449425; BGSE_00335276; BGSE_00339471; BGSE_00435279; BGSE_00455578; BGSE_00554320; BGSE_00562410.]]*

* These documents are presently designated Attorneys-Eyes-Only, and thus, Mr. DeRoche was not able to review them. If and when the designation of these documents is changed, Mr. DeRoche will review and verify their applicability to this response.

**4. With regard to JBT's alleged cause of action for tortious interference, identify each business relationship and/or contract with which you allege that Defendants interfered, including the specific acts of Defendants that interfered with such relationships or contracts, the date of such acts, and identify anyone with knowledge of such acts.**

**ANSWER:** JBT incorporates its General Objections as if fully set forth herein. JBT objects to this interrogatory as being unduly burdensome and overbroad. Subject to and without waiving the foregoing objections, JBT answers that Defendants' unauthorized use of JBT's documents and confidential information, their use and disclosure of JBT's trade secrets, their false, misleading, defamatory and/or disparaging communications to various entities, and their efforts to cause inflated supplier quotes to be supplied to JBT, have caused JBT to suffer injury in relation to at least the following commercial or military aircraft services projects:

a. LAX West End;

b. Lemoore MCAS (P-328)

c. MCAS Beaufort (P-465)

d. Kadena AFB (Japan) (P-803)

e. MCAS Beaufort (P464)

f. MCAS Lemoore (P-378)

g. Luke AFB (Hanger 3)

h. VT National Guard (Burlington)

i. Eielson AFB (EIE376)

j. Eielson AFB (EIE378)

**5. With regard to JBT's alleged causes of action for misappropriation of trade secrets under state and federal law, identify and describe with reasonable particularity those documents and/or other materials that JBT claims constitutes its trade secrets that Defendants allegedly misappropriated.**

**ANSWER:** JBT incorporates its General Objections as if fully set forth herein. JBT objects to this interrogatory as being unduly burdensome and overbroad. Subject to and without waiving

the foregoing objections, JBT answers that Defendants misappropriated JBT's Operational and Maintenance Manual for the Jetaire® HPCF-3000 and the designs and schematics, including the entire electrical schematics for the controls of the Jetaire® HPCF-3000 unit.

**6. With regard to JBT's alleged causes of action for misappropriation of trade secrets under state and federal law, identify and describe the measures JBT has taken to protect JBT's alleged trade secret information.**

**ANSWER:** JBT incorporates its General Objections as if fully set forth herein. JBT objects to this interrogatory as being unduly burdensome and overbroad. Subject to and without waiving the foregoing objections, JBT answers some of the measures it takes/has taken to protect its trade secrets include: utilizing non-disclosure agreements and distributorship agreements (see, e.g., Exs. A and B to Amended Complaint); requiring employees to sign confidentiality agreements (see, e.g., Ex. C to Amended Complaint); enforcing a code of ethics for employees (see, e.g., Ex. D to Amended Complaint); marking its trade secrets with its trademark; and including a confidentiality statement on documents containing its trade secrets.

**7. Identify each instance that JBT or its employees sent a copy of the HPCF-3000 Manual described in Paragraph 60 of the Complaint, or another version of a manual for the HPCF-3000 unit, to any business or individual who was not a JBT employee.**

**ANSWER:** JBT incorporates its General Objections as if fully set forth herein. JBT objects to this interrogatory as being unduly burdensome and overbroad. Further, JBT objects to this interrogatory as seeking irrelevant information because any non-JBT employee to whom JBT sent the HPCF-3000 Manual was under an obligation to keep the information confidential and understood it constituted a trade secret and, therefore, this transmission would not have changed the HPCF-3000 Manual's status as a trade secret. Subject to and without waiving the foregoing objections, and except for instances where the HPCF-3000 Manual was sent to one of the

Defendants, pursuant to Fed. R. Civ. P. 33(d), JBT refers to the following documents in response to this Interrogatory No. 7:

| | | | |
|---|---|---|---|
| JBT00147514 | JBT00148764 | JBT00149462 | JBT00149995 |
| JBT00148060 | JBT00148776 | JBT00149501 | JBT00150137 |
| JBT00148200 | JBT00148918 | JBT00149543 | JBT00150278 |
| JBT00148340 | JBT00149061 | JBT00149571 | JBT00131902 |
| JBT00148480 | JBT00149383 | JBT00149712 | JBT00146117 |
| JBT00148624 | JBT00149423 | JBT00149855 | JBT00146130 |

Dated: October 15, 2018

**AS TO OBJECTIONS,**

By:/s/ Steven McMahon Zeller
One of the Attorneys for Plaintiff
David P. Billings
Robert G. Crockett
FABIAN VANCOTT

Edward S. Weil
Steven McMahon Zeller
Michael F. Derksen
DYKEMA GOSSETT PLLC

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Steven McMahon Zeller, an attorney, certify that on October 15, 2018, I caused the foregoing to be served on counsel of record identified below, via email and United States Mail, by enclosing a copy in a properly addressed envelope, postage prepaid, and depositing same in the U.S. Mail at 10 South Wacker Drive, Chicago, Illinois.

Patrick E. Johnson
Paul T. Moxley
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
pjohnson@cohnekinghorn.com

Edward B. Davis
Joshua B. Durham
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com

By:/s/ Steven McMahon Zeller
Steven McMahon Zeller

**VERIFICATION**

STATE OF UTAH )
) ss.
COUNTY OF WEBER )

I, Brian DeRoche, declare under penalty of perjury:

1. I am employed by John Bean Technologies Corporation ("JBT") as Vice President and General Manager for the Jetway Systems® business unit of JBT AeroTech division and am authorized to make this verification.

2. I have reviewed the foregoing answers to interrogatories and I am personally familiar with the information contained therein.

3. The information contained therein is true and correct to the best of my knowledge and investigation.

Executed this 15 day of October, 2018.

Brian DeRoche