David P. Billings (UT # 11510)
Robert G. Crockett (UT # 12067)
**FABIAN VANCOTT**
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323
Telephone: (801) 531-8900
Facsimile: (801) 596-2814
rcrockett@fabianvancott.com
dbillings@fabianvancott.com

Edward S. Weil *(pro hac vice)*
Steven M. Zeller *(pro hac vice)*
Michael F. Derksen *(pro hac vice)*
**DYKEMA GOSSETT PLLC**
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
eweil@dykema.com
szeller@dykema.com
mderksen@dykema.com

*Attorneys for John Bean Technologies Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,

Plaintiff-Counterdefendant,

v.

B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,

Defendants-Counterclaimants.

Case No. 1:17-cv-00142-RJS-EJF

Judge: Robert J. Shelby

Magistrate Judge: Evelyn J. Furse

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO ITS PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S AFFIRMATIVE CLAIMS**

Pursuant to DUCivR 5-3(b)(2) and (7), John Bean Technologies Corporation ("JBT"), by and through its undersigned counsel, respectfully submits this motion for leave to file under seal the exhibits to JBT's motion for partial summary judgment as to liability on JBT's Ten Causes of Action. Attached as Exs. 1-15, 17-19, 21, 22, 24-28, 30-43, 45-97, 100, 101, 108, 112, 114-117 to this motion are redacted copies of the exhibits at issue. JBT's motion for partial summary judgment has been

filed in redacted form due to the fact that it references information contained in the exhibits sought to be sealed shown in the below table.

These exhibits fall into three categories: 1) JBT technical documents that contain protectable trade secrets or other confidential or proprietary information; 2) documents from Defendant B GSE Group, LLC ("BGSE") that contain near identical excerpts of JBT technical documents, which contain protectable trade secrets or other confidential or proprietary information as to the redacted portions; and 3) those documents where the only basis for filing under seal is that Defendants designated them confidential (collectively, the "Sealed Exhibits"). The following table sets forth which category* each exhibit falls into.

| **Cat.1: JBT confidential info** | **Cat.2: JBT confidential in BGSE documents** | **Cat. 3: BGSE designated documents** |
|---|---|---|
| Ex. 13, Ex. 21, Ex. 25, Ex. 27, Ex. 31, Ex. 33, Ex. 35, Ex. 48, Ex. 49, Ex. 50, Ex. 51, Ex. 101 | Ex. 2, Ex. 4, Ex. 6, Ex. 8, Ex. 10, Ex. 15, Ex. 30, Ex. 38, Ex. 112 | Ex. 1 Ex. 3, Ex. 5, Ex. 7, Ex. 9, Ex. 11, Ex. 12, Ex. 14, Ex. 17, Ex. 18, Ex. 19, Ex. 22, Ex. 24, Ex. 26, Ex. 28, Ex. 32, Ex. 34, Ex. 36, Ex. 37, Ex. 39, Ex. 40, Ex. 41, Ex. 42, Ex. 43, Ex. 45, Ex. 46, Ex. 47, Ex. 52, Ex. 53, Ex. 54, Ex. 55, Ex. 56, Ex. 57, Ex. 58, Ex. 59, Ex. 60, Ex. 61, Ex. 62, Ex. 63, Ex. 64, Ex. 65, Ex. 66, Ex. 67, Ex. 68, Ex. 69, Ex. 70, Ex. 71, Ex. 72, Ex. 73, Ex. 74, Ex. 75, Ex. 76, Ex. 77, Ex. 78, Ex. 79, Ex. 80, Ex. 81, Ex. 82, Ex. 83, Ex. 84, Ex. 85, Ex. 86, Ex. 87, Ex. 88, Ex. 89, Ex. 90, Ex. 91, Ex. 92, Ex. 93, Ex. 94, Ex. 95, Ex. 96, Ex. 97, Ex. 100, Ex. 108, Ex. 114, Ex. 115, Ex. 116, Ex. 117 |

*JBT does not move to seal the following exhibits in support of its Motion for Partial Summary Judgment On Plaintiff's Affirmative Claims: Ex. 16, Ex. 20, Ex. 23, Ex. 29, Ex. 44, Ex. 98, Ex. 99, Ex. 102, Ex. 103, Ex. 104, Ex. 105, Ex. 106, Ex. 107, Ex. 109, Ex. 110, Ex. 111, Ex. 113, Ex. 118, Ex. A, and Ex. B.

## I. ARGUMENT

### A. JBT Narrowly Tailored the Documents to be Filed Under Seal.

In its First Amended Complaint, JBT alleges that Defendants falsified information and utilized JBT's confidential and proprietary information, trade secrets and trademarks in submitting bids in interstate and international commerce. (Dkt. No. 99). To date, JBT has only filed a handful of trade secrets and other confidential information under seal. (Dkt. Nos. 8, 9, and 74; hereinafter). This was done in order to demonstrate how Defendants' conduct has harmed and continues to harm JBT. JBT seeks leave to file under seal again as to categories 1 & 2 for the same reason. Importantly, its motion for partial summary judgment, which has been publicly filed, contains descriptions and explanations of the proposed sealed exhibits. JBT has narrowly tailored the Sealed Exhibits, avoiding potential over designation, except as to category 3.[1]

[1] By agreement of the parties, in order to facilitate rapid production of all electronic documents on Defendants' hard drives, all documents were initially designated by Defendants as attorneys' eyes only. The parties have cooperated to reduce to the designation to Confidential on a fraction of Defendants' documents. *See* Dkt. No. 101.

**B. <u>The Sealed Exhibits Should Remain Under Sealed Unless and Until a Determination the Sealed Exhibits Do Not Contain Trade Secrets or Other Confidential Information.</u>**

Given the nature of JBT's claims (and Defendants' counterclaims), a central question of this litigation will be whether Defendants used JBT's confidential and proprietary information in order to gain an unfair advantage in the marketplace. While Defendants generally deny that they acted unlawfully with respect to JBT's trade secrets and confidential information, they do not dispute that any of the information contained in any of the Sealed Exhibits contain confidential information that is subject to this District's Standard Protective Order. *See* DUCivR 26-2.

Therefore, the Sealed Exhibits should be treated in accordance with the Standard Protective Order until there is a determination that the Sealed Exhibits do not contain confidential information. JBT respectfully suggests that to rule otherwise would undermine JBT's efforts to maintain confidential information and its related competitive advantage in the marketplace.

**C. <u>The Contracts at Issue, Along With State and Federal Law Support Sealing the Exhibits.</u>**

As JBT explained in paragraph 19 of its First Amended Complaint, "'[t]his is a civil action for misappropriation of trade secrets under the Defense of Trade Secrets Act, 18 U.S.C. § 1832 *et seq.*, for false designation of origin, false description of fact, false advertising and trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, for misappropriation of trade secrets under Utah Code Ann. §

13-24-1 *et seq.*, and for breach of contracts.” (Dkt. 99 at 5). Those contracts are a nondisclosure agreement a confidentiality agreement, and a distributorship agreement, all of which contain provisions regarding restrictions on the use and dissemination of JBT’s trade secrets and other confidential information. (Dkt. 99 at ¶¶ 31-44. *See generally* Dkt. 99-1, 99-2, 99-3). Defendants do not dispute this. (Dkt. 108 at 3-5).

Therefore, there is no dispute that the Defense of Trade Secrets Act (18 U.S.C. § 1832 *et seq.*), the Uniform Trade Secrets Act (Utah Code § 13-24-1 *et seq.*), the 2011 NDA, the 2011 Confidentiality Agreement, and the 2012 Distributorship Agreement support keeping the Sealed Exhibits under seal.

**D. <u>Filing the Sealed Exhibits Will Not Prejudice Defendants.</u>**

Defendants’ counsel did not dispute the merits of whether any of the documents that contain the Sealed Exhibit should be filed under seal. To the contrary, many of the documents to be filed under seal are only included because Defendants have designed them as confidential. Defendants will suffer no harm from filing these documents under seal.

## II. CONCLUSION

For the foregoing reasons, good cause exists to grant JBT to file Exhibits to motion for partial summary judgment as to liability on JBT’s Ten Causes of Action under seal.

[*signature on next page*]

Dated: April 19, 2019

Respectfully submitted,

By: /s/ *Steven McMahon Zeller*
One of the Attorneys for Plaintiff-Counterdefendant

David P. Billings
Robert G. Crockett
FABIAN VANCOTT

Edward S. Weil
Steven McMahon Zeller
Michael F. Derksen
DYKEMA GOSSETT PLLC
*Counsel for Plaintiff-Counterdefendant*

4828-2459-4836.3