Patrick E. Johnson (10771)
Paul T. Moxley (2342)
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
pjohnson@ck.law
pmoxley@ck.law

Edward B. Davis (*admitted pro hac vice*)
Joshua B. Durham (*admitted pro hac vice*)
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants. | **DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT ON MATTERS OUTSIDE THE SUMMARY JUDGMENT ORDER**<br><br>Case No. 1:17-cv-00142-RJS-EJF<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Evelyn J. Furse |

Defendants, B GSE Group, LLC ("BGSE") and Bryan Bullerdick ("Bullerdick") (collectively, "Defendants"), hereby submit the following Motion *in Limine* to Preclude Evidence or Argument on Matters Outside the Summary Judgment Order.[1]

**INTRODUCTION**

John Bean Technologies Corporation ("JBT") asserted numerous claims against BGSE and Bullerdick stemming from the contentious ending of the parties' manufacturer-distributor relationship and the manner by which BGSE and Bullerdick marketed themselves in connection

---

[1] This motion follows the undersigned's unsuccessful attempts to reach agreement concerning these matters, as evidenced by the email dated September 2, 2020, attached hereto as Exhibit A, as well as BGSE's attachment to the Joint Status Report filed July 6, 2021. Dkt. 199, p. 4.

with various military projects going forward. During the discovery period, JBT's damages expert, David Duski, opined as to potential damages JBT might recover for BGSE's alleged false designation of origin, false advertising, and misappropriation of trade secrets.[2] Duski opined as to eight specific projects:

1. Lemoore P-328;

2. Beaufort P-465;

3. Kadena P-803;

4. Lemoore P-378;

5. Beaufort P-464;

6. Eielson EIE-376;

7. Burlington B-795;[3] and

8. Eielson EIE-378 (the "Original Projects").

By order dated August 13, 2020 ("Summary Judgment Order"), this Court granted partial summary judgment in JBT's favor on its claims for federal and state misappropriation of trade secrets, breach of contract, and false designation of origin.[4] As set forth below, the Court was very specific about the conduct for which liability was found. For example, concerning JBT's false designation of origin claims, the Court identified specific documents submitted by BGSE for four projects: Lemoore P-328, Kadena P-803, Beaufort P-465, and Lemoore P-378.[5] Other projects, however, involved conduct that aligned more closely with JBT's false advertising claim. For example, JBT cited a letter for a project at Eielson Air Force Base in which BGSE represented that the JBT air

---

[2] Dkt. 142-3 at p. 23.
[3] The parties acknowledge that this project is also known as B-150.
[4] Dkt. 184 at p. 78.
[5] Id. at pp. 10-11.

2

units in several hangars "are BGSE Group designs."[6] The Court ultimately dismissed JBT's false advertising claim.[7]

At the end of the Summary Judgment Order, the Court very clearly stated what remained of JBT's case for it to try: damages for the claims for which liability was already found (federal and state misappropriation of trade secrets, breach of contract, and false designation of origin), trademark liability issues relating to BGSE's use of metatags in its website, and liability issues for JBT's tortious interference claims (which involved two projects at Luke Air Force Base as well as Lemoore P-328, Beaufort P-465, and Kadena P-803).[8]

During the status conference on September 17, 2020, the parties advised the Court they intended to conduct updated damages discovery in advance of trial. On September 21, 2020, JBT served its Third Set of Requests to Produce on BGSE.[9] In these requests, JBT sought documents from BGSE relating to the Original Projects.[10] JBT also sought documents relating to four additional Eielson projects, specifically, EIE-379, EIE-382, EIE-393, and EIE-394.[11] BGSE objected to various requests but produced documents subject to the objections.[12]

In a supplemental damages report dated August 3, 2021, JBT's expert provided altogether new opinions on the following nine projects.[13] These are:

1. Lemoore P-284

2. Eielson EIE-379

3. Eielson EIE-393

---

[6] *Id.* at pp. 43-44.
[7] *Id.* at p. 48.
[8] *Id.* at pp. 65-66, 78-79
[9] Ex. B, attached hereto.
[10] *Id.* at pp. 2-4 (Upon information and belief, JBT inadvertently referred to Building 150 at Burlington as Building 105).
[11] *Id.*
[12] Ex. C, attached hereto.
[13] Ex. D attached hereto (redacted excerpt from Duski supplemental report).

3

4.       Eielson EIE-394

5.       Burlington B-130

6.       Burlington B-131

7.       Burlington B-132

8.       Burlington B-160; and

9.       Burlington B-360 (the "New Projects").

As far as the undersigned has been able to determine, the New Projects were not included in any of the summary judgment briefing (totaling more than three hundred pages), nor did the Court mention any of them in the Summary Judgment Order.

## STATEMENT OF RELIEF REQUESTED

Defendants request entry of an Order precluding JBT from introducing oral or documentary evidence of, or engaging in argument concerning, any matters outside what was determined or described in the Summary Judgment Order, including alleged wrongdoing in connection with, or damages resulting from, the New Projects. Specifically, and with reference to the Summary Judgment Order, BGSE contends JBT's case should be limited as follows:

1. JBT's damages, if any, on its claims for misappropriation of trade secrets under federal and Utah state law (Counts One and Two), arising from:

   a.     Pl.'s Ex. 94;[14]

   b.     Pl.'s Exs. 69-70, 72-87;[15]

2. JBT's damages, if any, on its claim for False Designation of Origin under the Lanham Act (Count Three), arising from:

---

[14] Dkt. 184 at pp. 26, 29.
[15] *Id*. at p. 30, fn. 186.

   a. Pl.'s Ex. 2 at pp. 36-48;[16]

   b. Pl.'s Ex. 112 at pp. 30-46;[17]

   c. Pl.'s Ex. 6 at pp. 93-105;[18]

   d. Pl.'s Ex. 4 at pp. 14-26;[19]

   e. Pl.'s Ex. 8 at pp. 37-49;[20]

   f. Pl.'s Ex. 10 at pp. 32-40;[21]

3. JBT's damages, if any, on its claim for Breach of Contract of the 2011 Confidentiality Agreement by Bullerdick (Count Six), arising from Pl.'s Exs. 54, pp. 94, 97;[22]

4. JBT's damages, if any, on its claim for Breach of Contract of the 2011 NDA by BGSE (Count Seven), arising from Pl.'s Exs. 54, pp. 94, 97;[23]

5. JBT's damages, if any, on its claim for Breach of Contract of the 2012 Distributorship Agreement by BGSE (Count Eight), arising from the actions described at Dkt. 129 at p. 58;[24]

6. Whether, on JBT's claim for Trademark Infringement under the Lanham Act (Count Five), BGSE's use of JBT's trademarks in BGSE's website metatags was likely to cause confusion,[25] and, if so, JBT's damages, if any;

---

[16] *Id.* at pp. 9-11, 37-38.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at p. 54, fn. 299.
[23] *Id.* at p. 59, fn. 320.
[24] *Id.* at p. 59, fn. 323.
[25] *Id.* at p. 79.

7. Whether, on JBT's claim for Tortious Interference (Count Ten), Defendants tortiously interfered with JBT's business relationships for potential projects at Luke Air Force Base, Lemoore P-328, Beaufort P-465, and Kadena P-803[26] and, if so, JBT's damages, if any.

## ARGUMENT

"A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating a trial strategy."[27] Defendants' trial strategy is greatly informed by this Court's Summary Judgment Order, which is clear both as to the conduct for which liability is established and as to the issues remaining for trial. Claims by JBT to establish liability and recover damages for submittals and other documents on the New Projects, or for any other conduct, were not designated for trial in the Summary Judgment Order. Upon information and belief, JBT may attempt to argue that the New Projects are mere continuations of old projects, but no evidence has been produced in the case to suggest such a connection. Moreover, as the summary judgment filings make clear, each project is its own entity, with separate contractors, separate submittal documents, and separate contracts.[28]

Defendants submit it would be highly prejudicial and contrary to this Court's Summary Judgment Order to permit any testimony or evidence relating to, or arguments concerning, the New Projects or matters that were not specifically identified in the Summary Judgment Order.[29]

---

[26] *Id*. at pp. 65-66.
[27] *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir.. 1995).
[28] *See*, *e.g.*, Dkt. 184 at pp. 10-11 (Lemoore P-328 involved Able Mechanical, but Lemoore P-378 involved Certified Air Conditioning).
[29] *See*, *e.g.*, *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-CV-00708-DN-DJF, 2015 WL 13047675, at *8 (D. Utah Aug. 20, 2015) (granting motion *in limine* to exclude evidence of new defamatory statements that were materially different than those contained in the complaint).

6

## **CONCLUSION**

For the reasons stated above, Defendants request entry of an Order precluding JBT from introducing oral or documentary evidence of, or engaging in argument concerning, any matters outside what was determined or described in the Summary Judgment Order, including alleged wrongdoing in connection with, or damages resulting from, the New Projects.

This the 17th day of November, 2021.

/s/ Patrick E. Johnson
Patrick E. Johnson
COHNE KINGHORN


/s/ Joshua B. Durham
Joshua B. Durham
BELL, DAVIS & PITT, P.A.

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in the system.

      This the 17th day of November, 2021.

                                              /s/ Joshua B. Durham