| | |
|---|---|
| David P. Billings (UT # 11510) | Harry N. Arger *(pro hac vice)* |
| Robert G. Crockett (UT # 12067) | Steven McMahon Zeller *(pro hac vice)* |
| **FABIAN VANCOTT** | **DYKEMA GOSSETT PLLC** |
| 215 South State Street, Suite 1200 | 10 S. Wacker Drive, Suite 2300 |
| Salt Lake City, UT 84111-2323 | Chicago, IL 60606 |
| Telephone: (801) 531-8900 | Telephone: (312) 876-1700 |
| Facsimile: (801) 596-2814f | Facsimile:   (312) 876-1155 |
| rcrockett@fabianvancott.com | harger@dykema.com |
| dbillings@fabianvancott.com | szeller@dykema.com |

*Attorneys for John Bean Technologies Corporation*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>BGSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants-Counterclaimants. | Case No. 1:17-cv-00142-RJS-EJF<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Evelyn J. Furse<br><br>**PLAINTIFF'S MOTIONS *IN LIMINE*** |

### PLAINTIFF'S MOTIONS *IN LIMINE*

Plaintiff, John Bean Technologies Corporation ("JBT"), by and through its undersigned counsel, respectfully submits the following motions *in limine* as follows:

**Number 1. Testimony Based on Guess or Speculation Must Be Barred.**

Testimony based on speculation is not admissible. *Jetcraft Corp. v. Delta Commer. C. Por A.*, 16 F. 3d 362, 366 (10th Cir. 1993). Rule 602 of the Federal Rules of Evidence prohibits Defendants from introducing testimony from any witness who cannot meet the requirements of personal knowledge imposed by Rule 602. Fed. R. Civ. P. 602. Absent a finding that the witness has personal knowledge of a matter, such testimony should be excluded where the witness did not observe or had no opportunity to observe the subject of the offered testimony. *U.S. v. Lyon*,

567 F.2d 777 (8th Cir. 1977), *certiorari denied* 98 S. Ct. 1476, 435 U.S. 918, 55 L.Ed.2d 510. To allow such testimony would fix in the mind of the jurors such a potentially prejudicial impression as to greatly outweigh any probative value of such testimony. *U.S. v. McVeigh*, 151 F. 3d 1166, 1191 (10th Cir. 1998); *Williamson v. Reynolds*, 904 F. Supp. 1529, 1558 (E.D. Okla. 1995). Any testimony premised on guess or speculation has no probative value, would be prejudicial and cause unnecessary confusion for the jury.

**Number 2. Size of the Parties' Law Firms.**

The size of the parties' respective law firms has no bearing on any of the issues raised in this case. Counsel must be barred from commenting on the size of the law firm or the number of attorneys representing JBT.

**Number 3. Counsel's Personal Opinions and Comments on Witness Credibility.**

Counsel should also be prohibited from stating personal opinions as to JBT and from vouching for the credibility of a witness.

**Number 4. Inconsistent Hypotheticals or Opinion Testimony.**

JBT moves to bar Defendants from attempting to elicit from any witness at trial, any opinions other than those opinions previously expressed at deposition or properly disclosed pursuant to court rule, and that Defendants should be required to instruct their witnesses to confine their testimony to those opinions previously expressed at deposition or disclosed prior to trial in accordance with court rules. Fed. Rs. Civ. P. 37(c)(1); 26.

**Number 5. Financial Status of the Parties.**

The relative financial status of either party in this case is irrelevant to the issues raised. *Infiniesta-Montano v. Cocca Dev., Ltd.*, 2019 U.S. Dist. Lexis 225934, *33 (D. Wyo.) (June 7, 2019). Counsel should be barred from alluding to or in any way referencing either party's financial status as related to the other. JBT would be unduly prejudiced if such a reference were

2

made even if the Court were to sustain an objection. Such testimony, statement, or reference, would fix in the minds of the jurors so that any instruction to disregard that testimony, statement or inference would likely be ineffective to remedy the prejudice, affecting JBT's constitutional right to an impartial tribunal.

**Number 6. Costs of Litigation.**

Defendants should be barred from introducing any testimony or other evidence at trial relating to the cost of defending the present litigation. Such information does meet the requirements of relevance under FRE 401, and would otherwise be inadmissible under FRE 403.

**Number 7. Reference to Motions *in Limine*.**

Counsel should be barred from referencing or in any way alluding to any of the motions *in limine* filed in this case.

WHEREFORE, Plaintiff, John Bean Technologies Corporation ("JBT"), respectfully moves for an order in limine barring the aforementioned.

Dated: November 17, 2021                                        Respectfully submitted,


By: /s/ *Steven McMahon Zeller*
Steven McMahon Zeller
One of the Attorneys for Plaintiff-Counterdefendant

David P. Billings
Robert G. Crockett
FABIAN VANCOTT

Harry N. Arger
Steven McMahon Zeller
DYKEMA GOSSETT PLLC
*Counsel for Plaintiff-Counterdefendant*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in the system.

                    /s/ *Steven McMahon Zeller*

4868-8818-4836.3