Patrick E. Johnson (10771)
Paul T. Moxley (2342)
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
pjohnson@ck.law
pmoxley@ck.law

Edward B. Davis (*admitted pro hac vice*)
Joshua B. Durham (*admitted pro hac vice*)
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>　　　　Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO BAR THE TESTIMONY OF NICHOLAS R. HARRIS**<br><br>Case No. 1:17-cv-00142-RJS-EJF<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Daphne A. Oberg |

　　　　Defendants, B GSE Group, LLC ("BGSE") and Bryan Bullerdick ("Bullerdick"), hereby submit the following Response to Plaintiff's Motion to Bar the Testimony of Nicholas R. Harris.

**ARGUMENT**

　　　　JBT's Motion to Bar the Testimony of Nicholas R. Harris[1] should be denied. Despite what JBT alleges, Harris's report is not based on conjecture, and it is reliable and timely.

---

[1] Dkt. 202

798542

## A. Harris's Opinions are not Based on Conjecture, and they are Reliable.

JBT contends Harris's opinions are based on conjecture and are unreliable, because, according to JBT, Harris only criticized the opinions of its expert, David Duski and made no attempt to quantify the costs that Duski did not consider.[2] JBT is incorrect for two reasons.

First, both of Harris's reports present a damages figure that he contends constitutes a more accurate measure of alleged damages in this action – the savings B GSE realized by not using JBT as its supplier.[3] Harris calculated this to be the difference between what JBT would have charged B GSE for various projects and what B GSE paid to alternate suppliers.[4] In its motion, JBT does not appear to take issue with this part of Harris's opinion. Nor can it, as the approach is wholly consistent with JBT's First Amended Complaint, which states, "BGSE sought out a vendor for PC Air units that would … produce PC Air units at a lower cost, enabling BGSE to pocket more of the revenue."[5] JBT's own expert, David Duski, acknowledged this measure of damages in his own report, stating, "JBT contends that by relying on documentation for JBT's products already installed on past hangar projects, whether with or without JBT's name, BGSE was positioning itself to be able to substitute whatever replacement product they could find, and likely generate profits above and beyond those it would otherwise earn from sales of JBT equipment."[6] Harris fully documented how he arrived at these numbers.[7] Again, JBT does not appear to contest this approach.

Second, while JBT contends it need only prove B GSE's revenues under the Lanham Act, it ignores that Duski's original and supplemental reports offered opinions about B GSE's actual

---

[2] Dkt 202, p. 2
[3] Dkt 202-1, pp. 15-19
[4] *Id*.
[5] Dkt. 99, ¶ 53
[6] Dkt 144-17, p. 25
[7] Dkt 202-1, pp. 15-19

798542

costs on various projects.[8] In his original report, Harris shows how Duski's calculations were flawed.[9] Harris cites a number of factors Duski failed to consider.[10] In his supplemental report, Harris also points out the conclusory nature of Duski's supplemental opinions about six new projects.[11] And how, despite "the volume of documents" produced after the Summary Judgment Order, Duski continues to rely on pre-project estimates.[12] Pointing out the flaws in an opposing expert's report is entirely proper and not grounds for exclusion.[13]

### B. Harris's Opinions are not Untimely

JBT contends Harris's supplemental report presents an entirely new incremental cost opinion and is therefore untimely.[14] However, JBT fails to acknowledge that at the time of Duski's and Harris's original expert reports, B GSE's projects were not finished. Final revenues, costs, and profits could not be calculated. In fact, in his original report, dated January 10, 2019, JBT's own expert expressly states that the report "should be considered preliminary."[15] Harris's report on February 14, 2019, similarly states, "Finally, I understand that some of the Projects are not yet complete. As such, a complete accounting of BGSE's incremental costs cannot be determined at this time."[16] As shown on the attached Exhibit A, B GSE continued to receive payments on projects after Harris's report.[17]

Since the original reports, and since the Summary Judgment Order, B GSE produced additional project documents that were not, because of the projects' continuing nature, available

---

[8] Dkt 144-17, Exhibit 4, Schedules A-H
[9] Dkt 202-1, pp. 10-15
[10] *Id.*
[11] Dkt 202-2, p. 7
[12] *Id.*
[13] *See, e.g.*, *In re Cessna 208 Series Aircraft Prod. Liab. Litig.*, No. 05-MD-1721-KHV, 2009 WL 1649773, at *1 (D. Kan. June 9, 2009).
[14] Dkt 202, p. 4
[15] Dkt 144-17, p. 4
[16] Dkt 202-1, p. 15
[17] Attached Ex. A.

798542

at the time of the original reports. Harris spoke extensively with B GSE's CFO, Kim Contino, about the revenues and costs.[18] Harris had the benefit of B GSE's 2019 and 2020 financial statements, which were not available in February, 2019.[19] Harris used these to calculate B GSE's incremental profit margin, "commonly referred to as 'contribution margin,'" and to calculate B GSE's incremental profits.[20] This is a proper approach.[21] Harris' opinions are not based on conjecture, nor has Harris offered new opinions. Also, since the parties' engaged in damages discovery following the Summary Judgment Order, B GSE would have had no objection if JBT wished to depose Harris about his supplemental report. JBT never made such a request.

        **C.**      **B GSE does not Intend to Ask Harris to Testify Contrary to the Summary Judgment Order.**

Regarding JBT's final argument, B GSE generally agrees that the parties should not present opinions or evidence that are contrary to, or outside the bounds of, the Summary Judgment Order. B GSE. B GSE recognizes that, for purposes of trial, it is established that JBT has trade secret materials.

## CONCLUSION

JBT's Motion to Bar the Testimony of Nicholas R. Harris should be denied. Any perceived flaws in his reports, while disputed by B GSE and Bullerdick, go to the weight of his testimony, not the admissibility.

---

[18] Dkt 202-1, p. 3. JBT's expert, however, appears not to have spoken with any of JBT's bookkeepers, accountants, or financial officers.
[19] Dkt 202-2, Attachment 6
[20] *Id*. at p. 11
[21] *See* Ex. B, select pages from *Comprehensive Guide to Economic* Damages; Ex. C, select pages from *Litigation Services Handbook* (6th ed.); Ex. D, select pages from *Calculating Damages in Intellectual Property Disputes*)

798542

This the 1st day of December, 2021.

/s/ Joshua B. Durham
Patrick E. Johnson
Paul T. Moxley
COHNE KINGHORN

Edward B. Davis
Joshua B. Durham
BELL, DAVIS & PITT, P.A.

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in the system.

     This the 1st day of December, 2021.

                                                  /s/ Joshua B. Durham

798542