| | |
|---|---|
| David P. Billings (UT # 11510) | Harry N. Arger *(pro hac vice)* |
| Robert G. Crockett (UT # 12067) | Steven McMahon Zeller *(pro hac vice)* |
| **FABIAN VANCOTT** | Edward S. Weil *(pro hac vice)* |
| 215 South State Street, Suite 1200 | Matthew T. Hays *(pro hac vice)* |
| Salt Lake City, UT 84111-2323 | **DYKEMA GOSSETT PLLC** |
| Telephone: (801) 531-8900 | 10 S. Wacker Drive, Suite 2300 |
| Facsimile: (801) 596-2814 | Chicago, IL 60606 |
| rcrockett@fabianvancott.com | Telephone: (312) 876-1700 |
| dbillings@fabianvancott.com | Facsimile: (312) 876-1155 |
| | harger@dykema.com |
| | szeller@dykema.com |

*Attorneys for John Bean Technologies Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>BGSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants-Counterclaimants. | Case No. 1:17-cv-00142-RJS-EJF<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Daphne A. Oberg<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT ON MATTERS OUTSIDE THE SUMMARY JUDGMENT ORDER** |

A.  **Defendants' Motion *In Limine* Should Be Denied as Improper.**

Defendants' Motion *In Limine* improperly seeks to limit the issues and theories Plaintiff is permitted to present to the jury. "[A] motion *in limine* is not the mechanism by which we address or narrow the issues to be tried."[1] JBT plans to present evidence to the jury in support of its damages on those claims for which this Court granted summary judgment on liability, and

---

[1] *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.*, No. 07-80172-CIV, 2008 U.S. Dist. LEXIS 44417, at *3 (S.D. Fla. June 5, 2008) (citing *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987)).

also present evidence in support of Defendants' liability for JBT's other claims that remain in the case. Any objections that Defendants have to such evidence should be made at the time it is offered, not in a sweeping motion *in limine*.

Defendants fail to cite nor is there any precedent for Defendants' attempt to pigeon-hole Plaintiff's case into the evidence presented in the summary judgment briefing. While summary judgment can remove from trial claims found lacking in evidence, it is not a proper mechanism to limit the evidence that can be presented in support of the claims that remain for trial.[2] On this basis alone, Defendants' Motion *In Limine* should be denied in its entirety.

**B.    Defendants' Motion *In Limine* Seeks to Bar Evidence Contained in and Consistent with this Court's Summary Judgment Order and Plaintiff's Summary Judgment Briefing.**

Even if this Court's Summary Judgment Order operates as a limit on Plaintiff's evidence at trial, Defendants' Statement of Relief Requested is too narrow as it fails to include evidence cited by the Court in its Order as well as evidence that *was* presented in Plaintiff's summary judgment briefing. Furthermore, Plaintiff should be allowed to present evidence supporting additional liability for both the Original Projects and the New Projects[3], that is similar to the evidence contained in the summary judgment briefing. Lastly, Plaintiff should be permitted to present evidence that Defendants' liability extends to projects at the same sites for which Defendants have already been found liable.

---

[2] *See Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.")
[3] As defined in Defendants' Motion *In Limine*. Dkt. 200, at 3-4.

1. **Defendants' "Statement of Relief Requested" is improper because it omits evidence explicitly cited in the Court's Summary Judgment Order and Plaintiff's summary judgment briefing.**

In their Motion *In Limine*, Defendants contend, purportedly relying upon this Court's Summary Judgment Order, that "JBT's case should be limited as follows," listing seven bullet items with specific evidence cited.[4] However, Defendants' bullet list omits evidence expressly identified in the Order as well as evidence presented in Plaintiff's summary judgment briefing. For example, JBT presented evidence, which the Court cited, that excerpts of JBT's HPCF Manual, which this Court found is a JBT trade secret[5], was included in submittals on various projects.[6] Yet Defendants omitted those submittals from their list of evidence they argue that JBT should be allowed to present for damages on its trade secrets claims.[7]

An even more egregious example of Defendants' attempt to improperly limit JBT's trial evidence involves JBT's three claims for breach of contract, as to which the Court has already found that Defendants are liable. Specifically, Defendants seek to limit JBT's damages evidence for breach of the 2011 Confidentially Agreement and the 2011 NDA only to Defendants' transmission of documents to Twist.[8] However, as the Court noted in its Summary Judgment Order, JBT alleged numerous instances of Defendants' use and disclosure of JBT information, of which the transmission to Twist was but one example.[9] The Court would not have characterized

---

[4] Defendants' Motion, Dkt. 200 at pp. 4-6.
[5] Memorandum Decision and Order ("Summary Judgment Order"), Dkt. 184, at p. 29.
[6] *See* Plaintiff's Motion for Partial Summary Judgment on Plaintiff's Affirmative Claims, Dkt. 129 at pp.10-11; Summary Judgment Order, Dkt. 184 at pp. 10-11.
[7] Defendants' omission should not be viewed as a simple oversight because Defendants' counsel included such evidence in his initial discussion of limiting the case in his email of September 2, 2020 (Ex. A to Defendants' Motion *In Limine*).
[8] Defendants' Motion, Dkt. 200 at 5.
[9] Dkt. 184, at p. 54.

Defendants' actions as "serial breaches [of contract]" if it only intended to limit its ruling to the Twist transmission.[10]

### 2. Plaintiff is entitled to present evidence of Defendants' actions similar to the evidence contained in Plaintiff's Motion for Summary Judgment.

Defendants offer no support for the proposition that the evidence at trial should be limited to that presented in the summary judgment briefing. Defendants are essentially seek a ruling that none of Plaintiff's evidence outside of what was addressed in summary judgment support any of Plaintiff's remaining claims. That is more akin to a request for summary judgment, not a proper issue for a motion *in limine*.[11] Even if Plaintiff's evidence is considered "new," its exclusion would be improper because it is consistent with Plaintiff's theories of damages already set forth.[12] Not only have Defendants been on notice of Plaintiff's damages theory since this case began, but much of the evidence related the damages arising from the New Projects was produced by Defendants in response to Plaintiff's supplemental discovery requests.

Defendants' citation to *Rowe v. DPI Specialty Foods, Inc.* for support is misplaced. There, the unique nature of defamation claims required the exclusion of additional defamatory statements that were not contained in the complaint.[13] Here, Plaintiff's theory of damages has remained consistent, and it only learned of the basis for damages from the New Projects when Defendants produced documents following summary judgment. Plaintiff should not be barred

---

[10] *Id.* at p. 59.
[11] See *Dry Clean Super Ctr., Inc. v. Kwik Indus.,* No. 08-cv-00578, 2012 U.S. Dist. LEXIS 18582, *4 (D. Colo. 2012) ("[A]n *in limine* motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.")
[12] *Advanced Drainage Sys. v. Quality Culvert, Inc.*, 2015 U.S. Dist. 36037, *37-38 (S.D. Ohio March 23, 2015) (allowing plaintiff to present expert testimony on additional theories of damages where defendant had notice of the general nature of the damages alleged)
[13] *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-cv-00708-DN-DJF, 2015 WL 13047675, *6-8 (D. Utah Aug. 20, 2015).

from presenting evidence that is consistent with its damage theory and, in some cases, was only discovered after summary judgment.

The evidence that Plaintiff plans to present, both for existing projects and the New Projects listed in Defendants' Motion, falls in the same categories as the evidence presented during summary judgment, without changing any theory of liability. For example, Plaintiff plans to present evidence of the following:

- Generally, BGSE sent JBT's trade secrets to certain contractors, and sent proposals and quotes containing JBT product information and/or images to certain contractors, who eventually awarded sales to BGSE;

- On the Eielson EIE379 project, BGSE submitted a quote for PC-Air units with a brochure utilizing doctored photographs of JBT products with BGSE logos superimposed (BGSE_00580658-666);

- On the Eielson EIE393 project, BGSE submitted a quote for Ground Power Units that included a brochure having a doctored photograph of a JBT product with a BGSE logo superimposed (BGSE_00605866-871); and

- In a submittal for the Beaufort P464 project, BGSE utilized JBT documents to create portions of the submittal, evidenced by a JBT confidentiality notice still contained therein (BGSE_00589038).

Other similar evidence will also be presented. Plaintiff should not be prohibited from doing so and Defendants' Motion *In Limine* should be denied.

### 3. Plaintiff is entitled to present Evidence that Defendants' awards for additional projects on same sites are tainted by Defendants' first sales at same site.

All of the New Projects that Defendants list in their Motion are projects that are at the same sites as the projects addressed in the summary judgment briefing. There is ample evidence, both in the documents previously produced by Defendants before the summary judgment briefing, as well as in the documents produced by Defendants after the Court's Summary Judgment Order, that Defendants' involvement on the New Projects was related to their involvement on the first project at that site. For example, Defendants shared Plaintiff's trade

secrets with Brent Little of Coffman Engineers, who was the designer of record for both Eielson EIE376 (an "Original Project") and Eielson EIE379 (a "New Project"). (*See* BGSE_00252279). For PC-Air units, BGSE confirmed that it was supplying the same scope and using the same schedule of values on both of those projects. (*See* BGSE_00580806; BGSE_00579665). In another example, BGSE sent JBT information to a contractor, Banaka, Inc., in connection with the Building 150 project for the Vermont Air National Guard ("VT ANG"). While Banaka did not become the contractor for that project, it did ultimately become the contractor for all the new projects at VT ANG. Banaka awarded all the PC-Air and GPU units to BGSE for those new projects. (*See* BGSE_00603268.)

Moreover, Defendants' involvement in all the New Projects post-dates Defendants' initial production of documents in this case. As such, most of the evidence was not available to Plaintiff prior to the submission of Plaintiff's expert report or the briefing of summary judgment. Defendants can hardly claim any surprise or prejudice when the evidence was produced after the Summary Judgment Order.

## Conclusion

For the above reasons, Defendants' Motion *In Limine* should be denied in its entirety.

Dated: December 2, 2021		By: /s/ *Steven McMahon Zeller*
David P. Billings
Robert G. Crockett
FABIAN VANCOTT

Harry N. Arger
Steven McMahon Zeller
DYKEMA GOSSETT PLLC
*Counsel for Plaintiff-Counterdefendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in the system.

/s/ <em>Steven McMahon Zeller</em>

4890-3284-6085.5