IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHER DIVISION

| | |
|---|---|
| John Bean Technologies<br><br>                      Plaintiff,<br><br>vs.<br><br>B GSE Group et al.<br><br>                      Defendants. | TRIAL ORDER<br><br><br><br>Case No. 1:17-cv-00142 RJS |

      The final pretrial conference in this matter is scheduled for **9/13/2022 at 1:30 p.m.** This case is set for an 8 day jury trial to begin on **9/26/2022 at 9:00 a.m.** The trial attorneys are to appear at **8:30 a.m**. on the first day of trial for a brief pre-trial meeting.

      Counsel are instructed as follows:

**1. Effect of Schedule Modifications.**

      The court-imposed deadlines in this Order are calculated from the scheduled date of the final pretrial conference and the scheduled date of the trial. In the event that the trial or final pretrial conference dates change, the court-imposed deadlines set forth in this Order are automatically moved to correspond to the new final pretrial conference date and new trial date. The parties should calculate the new court-imposed deadlines based on these new dates. No new Trial Order will issue.

**2. Court-Imposed Deadlines.**

The deadlines described in this Order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time or continuance is necessary **must** timely file an appropriate motion.

**3. Pretrial Submissions.**

The following documents must be submitted to the court no later than **seven (7) days before the final pretrial conference**:

    a.    Pretrial Order

    b.    Proposed Jury Instructions, both Preliminary and General, and any objections

    c.    Proposed Verdict Form

    d.    Proposed Voir Dire Questions

    e.    Objections to the authenticity of any exhibits and any objections to exhibits that will be used in opening statements

    f.    All briefing for motions in limine

The court will discuss these requirements more fully below.

The pretrial order, proposed jury instructions, proposed verdict form, and any proposed voir dire questions must be emailed to chambers as a Word. Objections to the authenticity of an exhibit and briefing for motions in limine should be docketed as usual. Chambers email is utdecf_shelby@utd.uscourts.gov. Include the case number in the email subject line.

4.  **Pretrial Order.**

No less than **seven (7) days before the final pretrial conference**, plaintiff is to file a joint proposed pretrial order which has been approved by all counsel. The pretrial order should conform generally to the requirements of DuCivR 16-1(e) and to the approved form of pretrial order which is reproduced as Appendix IV to the Rules of Practice for the U.S. District Court for the District of Utah.

5.  **Witness Lists and Deposition Designations.**

Parties are instructed to exchange Rule 26(a)(3)(A)(i) and Rule 26(a)(3)(A)(ii) disclosures in a time and manner agreed upon by counsel, but in any event, not less than **21 days before the final pretrial conference**. Objections to these disclosures shall be served not less than **14 days before the final pretrial conference**.

6.  **Jury Instructions**.

The court has adopted its own standard jury instructions, copies of which may be obtained from the court's website prior to trial. Counsel should note that the court's standard jury instructions include one set of preliminary jury instructions and one set of general jury instructions. The preliminary instructions will be read to the jury at the start of the trial. The procedure for submitting proposed jury instructions is as follows:

   (a)   The parties must serve their proposed jury instructions on each other at least **fourteen (14) days before the final pretrial conference**. The parties should then confer in order to agree on a single set of instructions to the extent possible.

   (b)   If the parties cannot agree on one complete set of final instructions, they may

        submit separately those instructions that are not agreed upon. However, it is not enough for the parties to merely agree upon the general instructions and then each submit their own set of substantive instructions. The court expects the parties to meet, confer, and agree upon the wording of the substantive instructions for the case.

(c)     The joint proposed instructions (along with the proposed instructions upon which the parties have been unable to agree) must be filed with the court no later than **seven (7) days before the final pretrial conference**. Each instruction must be labeled and numbered at the top center of the page to identify the party submitting the instruction (e.g., "Joint Instruction No. 1" or "Plaintiff's Instruction No. 1"), and must include citation to the authority that forms the basis for it.

(d)     Each party must file its objections, if any, to jury instructions proposed by any other party no later than **seven (7) days before the final pretrial conference**. Any such objections must recite the proposed instruction in its entirety and specifically highlight the objectionable language contained therein. The objection should contain both a concise argument why the proposed language is improper and citation to relevant legal authority. Where applicable, the objecting party **must** submit, in conformity with paragraph 6(c) above, an alternative instruction covering the pertinent subject matter or principle of law. The court will discuss objections to the preliminary instructions at the final pretrial conference. Any party may, if it chooses, submit a brief written reply in support of its proposed

instructions no later than **the first day of trial**.

(e) All instructions should be short, concise, understandable, and <u>neutral</u> statements of law. Argumentative instructions are improper and will not be given.

(f) Modified versions of statutory or other form jury instructions (<u>e.g.</u>, Devitt & Blackmar) are acceptable. A modified jury instruction must, however, identify the exact nature of the modification made to the form instruction and cite the court to authority, if any, supporting such a modification.

**7. Special Verdict Form.**

The procedure and deadlines outlined for proposed jury instructions will also apply to special verdict forms.

**8. Requests for Voir Dire Examination of the Venire.**

Subject to the specific circumstances of each case, the court has adopted a standard practice for conducting voir dire and empaneling a jury. The court typically elicits general information from each potential juror, followed by a series of voir dire background questions calling for simple "yes" or "no" responses. As requested by counsel or otherwise necessary, the court conducts initial follow-up in chambers with potential juror answering "yes" to any voir dire questions. Counsel are ordinarily permitted to conduct additional voir dire concerning "yes" answers as potential jurors are brought into chambers.

The court has adopted its own standard voir dire questions, which are posted on the court's website. The parties may request that, in addition to its usual questions, the court ask additional specific questions to the jury panel. Any such request should follow the procedure

and deadlines outlined for proposed jury instructions. Proposed questions should be drafted in a form that can be answered in writing with a "yes" or "no." A "yes" answer should indicate that there may be a need for additional examination by counsel in chambers.

9. **Motions in Limine.**

All motions in limine are to be filed with the court at least **twenty-eight (28) days before the final pretrial conference**, unless otherwise ordered by the court. The non-moving party should file any opposition no later than **fourteen (14) days before the final pretrial conference**, and the moving party should submit a reply if they so choose at least **seven (7) days before the final pretrial conference**. Motions in limine should not exceed five pages absent leave of the court.

10. **Exhibit Lists and Marking Exhibits**.

Counsel for all parties must exchange with all opposing parties copies of each exhibit to be used at trial. The plaintiff must provide opposing counsel such exhibits no later than **twenty-one (21) days before the final pretrial conference**. The defendant must provide opposing counsel such exhibits no later than **fourteen (14) days before the final pretrial conference**. Counsel should clearly mark any exhibits that will used during opening statements.

Counsel should use reasonable effort to avoid duplication of any exhibit pre-marked by the opposing party. Exhibits to be exchanged shall include all evidence to be offered except the following: oral testimony to be offered at trial, sworn deposition testimony, documents to be used solely for impeachment, demonstrative exhibits created in connection with oral testimony at trial, and objects or other physical evidence. But counsel should exchange photos of objects and


other physical evidence. Counsel should exchange copies in electronic media, but may also include a hard copy. Counsel must report to the court whether this requirement has been completed at the final pretrial conference.

All exhibits to be used at trial must, at the time they are exchanged with opposing counsel, be marked for identification numerically. Plaintiffs should start numbering their exhibits at 1. Defendants should start their numbering at 1000. The exhibit identification should include a designation of the party offering the exhibit, such as "Plaintiff's Exhibit ___" or "Defendant's Exhibit ___."

All parties are required to prepare an exhibit list for the court's use at trial. The list contained in the pretrial order will not be sufficient; a separate list must be prepared. Standard forms for exhibit lists are available at the clerk's office, and questions regarding the preparation of these lists may be directed to the courtroom deputy, Mary Jane McNamee, at 801-524-6790. The parties should email their exhibit lists to chambers no later than **three (3) days before trial begins**.

All exhibits that have been pre-marked must be presented in court in both hard copy and electronic media. An electronic copy of each exhibit should be submitted to the courtroom deputy to manage and track the exhibits offered and received at trial. Exhibits must be contained in a USB Flash Drive and delivered to the court on the first day of trial. A hard copy of every exhibit offered in evidence shall be presented to the court at or before the time the exibity is first used. Depending on the nature of the case, the character and volume of exhibits, and possibly the preference of the jury, exhibits may be provided to the jury for deliberations electronically, in

hard copy, or both.  All electronic copies of exhibits should be submitted in searchable PDF format unless it is a picture, or it is otherwise infeasible or impractical to do so.

Pages of documentary exhibits must retain Bates stamps used when the documents were produced in discovery.

The requirement for objections to exhibits under Rule 26(a)(3)(B) of the Federal Rules of Civil Procedure is superseded by this order.  Any objection to the authenticity of an exhibit as defined by Rule 901 of the Federal Rules of Evidence, and any objections of any nature to exhibits that will be used by counsel during opening arguments, must be made in writing no later than **seven (7) business days before the final pretrial conference**.  The court will address these challenges at the final pretrial conference.  All other objections to the admissibility of an exhibit are reserved until the exhibit is offered at trial.

**11.  Closing Argument**.

Closing argument will follow the court's final instructions to the jury.  Counsel are cautioned that any closing rebuttal argument must be limited to addressing new issues raised during the defendant's closing argument.  The court will sustain an objection and instruct the jury to disregard rebuttal argument that could and should have been made in the plaintiff's initial closing argument.  The plaintiff's closing argument must be structured to allow the defendant a fair opportunity to address the argument in its closing.

**12. Findings of Fact and Conclusions of Law**.

At the conclusion of all non-jury trials, counsel for each party will be instructed to file with the court proposed findings of fact and conclusions of law. The date of submission will vary, depending upon the need for and availability of a transcript of trial and the schedule of court and counsel. Findings of fact should be supported, if possible, by reference to the record. For that reason, the parties are urged to make arrangements with Ray Fenlon, the court reporter, for the preparation of a trial transcript. Conclusions of law must be accompanied by citations to supporting legal authority.

As with proposed jury instructions and special verdict forms, the proposed findings of fact and conclusions of law should be submitted to chambers both in hard copy and electronic format using WordPerfect or Word.

**13. In Case of Settlement.**

Pursuant to DUCivR 41-1, the court will tax all jury costs incurred as a result of the parties' failure to give the court adequate notice of settlement. Leaving a message on an answering machine or sending a notice by fax is not considered sufficient notice to the court. If the case is settled, counsel must advise the jury administrator or a member of the court's staff by means of a personal visit or by person-to-person telephonic communication.

**14. Courtroom Conduct**.

In addition to the rules outlined in DUCivR 43-1, the court has established the following ground rules for the conduct of counsel at trial:

(a) It is expected and required that counsel will be on time for each court session. In

    most cases, trial will be conducted from 8:30 a.m. until 2:00 p.m., with two short (thirty minute) breaks at about 10:00 a.m. and noon. Trial engagements take precedence over any other business.

(b) Stand as court is opened, recessed or adjourned.

(c) Stand when the jury enters or retires from the courtroom.

(d) Stand when addressing, or being addressed by, the court.

(e) In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the court. For example, the following objections would be proper: "Objection . . . hearsay" or "Objection . . . foundation." The following objection would be improper unless the court had requested further argument: "Objection, there has been no foundation laid for the expert's opinion and this testimony is inherently unreliable."

(f) Sidebar conferences will not be allowed except in extraordinary circumstances. If a sidebar conference is held, the court will, if possible, inform the jury of the substance of the sidebar argument. Most matters requiring argument should be raised during recess.

(g) Counsel should address witnesses from the podium, but counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit. Counsel should not approach the jury box without leave of the court. Counsel may leave the podium during opening statement and closing argument

10

and may approach the jury box at those times. However, counsel should at all times respect the jurors' personal space.

(h) Do not greet or introduce yourself to witnesses. For example, "Good Morning, Mr. Witness. I represent the plaintiff in this case" is improper. Begin your examination without preliminaries.

(i) Address all remarks to the court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(j) Refer to all persons, including witnesses, other counsel, and parties, by their surnames and NOT by their first or given names.

(k) Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

(l) Offers of, or requests for, a stipulation shall be made out of the hearing of the jury.

(m) When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the court's permission. Except as

11

necessary to coordinate the presentation of witnesses or evidence, do not confer with or visit with anyone in the spectator section while court is in session.

(n)  Counsel are reminded that vouching is improper. In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue. The following examples would be improper: "I believe the witness was telling the truth" or "I found the testimony credible."

DATED this 12th day of January 2022,

BY THE COURT:

_____
ROBERT S. SHELBY
United States District Judge