David P. Billings (UT # 11510)
Robert G. Crockett (UT # 12067)
**FABIAN VANCOTT**
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323
Telephone: (801) 531-8900
Facsimile: (801) 596-2814
rcrockett@fabianvancott.com
dbillings@fabianvancott.com

Harry N. Arger *(pro hac vice)*
Steven McMahon Zeller *(pro hac vice)*
**DYKEMA GOSSETT PLLC**
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
Telephone: (312) 876-1700
Facsimile:   (312) 876-1155
harger@dykema.com
szeller@dykema.com

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
OCT 05 2022
GARY P. SERDAR

*Attorneys for John Bean Technologies Corporation*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>BGSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants-Counterclaimants. | **PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50(a)**<br><br>Case No. 1:17-cv-00142-RJS-DAO<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Daphne A. Oberg |

TO THE HONORABLE COURT:

Plaintiff-Counterdefendant John Bean Technologies Corporation ("JBT") hereby files this Rule 50(a) Motion for Judgment as a Matter of Law at the close of all evidence and prior to the case being submitted to the jury and prior to the jury's verdict, and in support respectfully shows the Court the following:

### I. LEGAL STANDARD FOR JUDGMENT AS A MATTER OF LAW

A motion for judgment as a matter of law pursuant to FED. R. CIV. P. 50(a) should be granted when there is no legally sufficient basis for a reasonable jury to find for the non-movant. *See Baty v. Willamette Indus.*, 172 F.3d 1232, 1241 (10th Cir. 1999); *Harolds Stores, Inc. v. Dillard*

Page 1 of 5

*Dep't Stores*, 82 F.3d 1533, 1546-47 (10th Cir. 1996) (quoting FED. R. CIV. P. 50(a)). The court views the evidence and any inferences to be drawn therefrom most favorably to the non-moving party. *See Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1522 (10th Cir. 1997). Judgment as a matter of law must be granted when, under controlling law, there can be but one reasonable conclusion as to the verdict on a particular claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986). That is precisely the case here. Judgment as a matter of law is appropriate in favor of JBT as to B GSE Group, LLC's ("BGSE") and Bryan Bullerdick's ("Bullerdick") counterclaim for unfair or deceptive trade practices. Thus, judgment as a matter of law under Rule 50(a) should be entered in favor of JBT on the counterclaim brought by BGSE and Bullerdick.

## II. JUDGMENT SHOULD BE GRANTED IN FAVOR OF JBT AS TO BGSE'S AND BULLERDICK'S UNFAIR OR DECEPTIVE TRADE PRACTICES COUNTERCLAIM

To succeed on an unfair or deceptive trade practices claim, a plaintiff must show: (1) the defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff. N.C. Gen Stat. § 75-1.1; *Pleasant Valley Promenade v. Lechmere, Inc.*, 464 S.E.2d 47, 58 (N.C. Ct. App. 1995). There is legally insufficient evidence to support each essential element of BGSE's and Bullerdick's counterclaim for unfair or deceptive act or practice claim.

Specifically, there is legally insufficient evidence that any unfair or deceptive act or practice by JBT in or affecting commerce proximately caused injury to BGSE or Bullerdick. To succeed on a claim for unfair or deceptive trade practices, a plaintiff must establish it "suffered actual injury as a proximate result of defendant['s] misrepresentations." *Ellis v. Smith-Broadhurst, Inc.*, 48 N.C. App. 180, 184, 268 S.E.2d 271, 273-274 (1980). As the Court already noted, the statements claimed by BGSE and Bullerdick to be deceptive are benign. There is no evidence that

BGSE or Bullerdick suffered damages proximately caused by a deceptive act or practice of JBT. There is no evidence that any end customer or decision maker received the Cover Letter from JBT or that the Cover Letter caused BGSE or Bullerdick to lose a bid or not gain the award of a project or otherwise suffer any damages. There is no evidence that the Cover Letter or any statements within it caused BGSE or Bullerdick to lose any bid or not gain any project award or otherwise suffer any damages. BGSE and Bullerdick did not sufficiently demonstrate actual reliance on the allegedly deceptive statements made by JBT and, therefore, failed to provide the requisite causal connection. There is no evidence of the amount of damages allegedly suffered by BGSE or Bullerdick, and no evidence that would allow any reasonable jury to quantify damages with reasonable certainty. Accordingly, BGSE and Bullerdick failed to prove JBT committed unfair and deceptive acts which proximately caused injury to BGSE or Bullerdick.

Based upon the foregoing, a reasonable jury could not conclude that BGSE or Bullerdick is entitled to recover on their counterclaim for unfair or deceptive trade practices. Therefore, BGSE and Bullerdick have failed to establish at least one of the required elements of their counterclaim. Judgment should be entered in favor of JBT on BGSE's and Bullerdick's counterclaim.

### III. CONCLUSION AND PRAYER

WHEREFORE, Plaintiff-Counterdefendant JBT requests judgment as a matter of law on BGSE's and Bullerdick's counterclaim for unfair or deceptive trade practices.

Dated: October 5, 2022               Respectfully submitted,

                                     By: /s/ *Steven McMahon Zeller*
                                     David P. Billings
                                     Robert G. Crockett
                                     FABIAN VANCOTT

                                     Harry N. Arger
                                     Steven McMahon Zeller
                                     DYKEMA GOSSETT PLLC

                                     *Counsel for Plaintiff-Counterdefendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2022 I caused a copy of Plaintiff's Motion for Judgment as a Matter of Law Pursuant to Rule 50(a) to be hand-delivered to the following:

Edward B. Davis
Joshua B. Durham
BELL DAVIS & PITT, P.A.
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

Jeremy R. Cook
COHNE KINGHORN, P.C.
jcook@ck.law

                                              */s/ Melanie L. Fry*
                                              Melanie L. Fry

4861-6275-4358.1