Paul T. Moxley (2342)
Jeffrey L. Trousdale (14814)
Jeremy Cook (10325)
COHNE KINGHORN, P.C.  111 East Broadway, 11th Floor Salt Lake City, UT 84111 Telephone: (801) 363-4300
Facsimile: (801) 363-4378
pmoxley@ck.law
jtrousdale@ck.law
jcook@ck.law

Edward B. Davis (admitted pro hac vice)
Joshua B. Durham (admitted pro hac vice)
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants. | **DEFENDANTS' OBJECTIONS TO PROPOSED JUDGMENT**<br><br>Case No. 1:17-cv-00142-RJS-EJF<br>Judge:  Robert J. Shelby<br>Magistrate Judge: Evelyn J. Furse |

Pursuant to DUCivR 54-1Rule 50(a), Fed. R. Civ. Proc., Defendants BGSE Group, LLC ("BGSE") and Bryan Bullerdick ("Bullerdick," and collectively "Defendants"), hereby file objections to the Proposed Judgment served by Plaintiff, John Bean Technologies Corporation ("JBT").  A copy of the Proposed Judgment served by JBT is attached hereto as Exhibit A.

Defendants object as follows:

**OBJECTION 1 – JUDGMENT IS PREMATURE.**

Defendants object to the entry of any judgment prior to the Court's determining whether to award (1) exemplary damages pursuant to JBT's First and Second Claims for Relief (Misappropriation of Trade Secrets), (2) enhanced damages pursuant to JBT's Third Claim for Relief (Unfair Competition and False Designation of Origin), and/or (3) attorney's fees.  In *Bimbo Bakeries USA, Inc. v. Sycamore*, which also involved claims for exemplary and enhanced damages and attorney's fees, the Court took a similar approach, withholding judgment until after it determined whether to award such damages and fees.  *See Bimbo Bakeries*, 13-cv-749 (D. Utah) (Doc. 453). Moreover, the Lanham Act makes clear that the consideration of whether to award enhanced damages should precede the entry of judgment.  *See* 15 U.S.C. § 1117 (providing that based on the circumstances of the case, the court may enter judgment for any sum above the amount of actual damages).

Resolving these outstanding matters prior to entry of judgment is the proper procedure.  Furthermore, judicial efficiency is best served by such procedure, as it will reduce the need to revise any judgments based on later rulings.  Finally, a single, comprehensive judgment will better serve the parties as they consider their post-judgment options, including motions under Rules 50 and 59 of the Federal Rules of Civil Procedure and appeals.

Defendants therefore object to the entry of any judgment at this time.

### OBJECTION 2 – THE PROPOSED JUDGMENT FAILS TO ACKNOWLEDGE THAT DAMAGES ISSUES WERE TRIED.

Defendants further object to the Proposed Judgment on the grounds that it fails to acknowledge that issues of damages were also tried. In ¶1A of its Proposed Judgment, JBT recites that "The jury found in favor of Plaintiff on all its claims against Defendants and awarded Plaintiff $525,033 in damages . . . ." While the jury did award JBT that amount, it did so for the liability issues asserted at trial <u>as well as</u> the damages issues that existed by virtue of the Court's prior summary judgment ruling.

Any Proposed Judgment should reflect in ¶1(a)(i) that the amount awarded is for the claims for which the jury found liability <u>and</u> the claims for which the Court previously found liability.

### OBJECTION 3 – THE PROPOSED JUDGMENT SHOULD NOT INCLUDE "POST-JUDGMENT INTEREST."

Defendants further object to the Proposed Judgment on the grounds that it improperly includes "post-judgment interest." "The purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between <u>the ascertainment of the damages</u> and the payment by defendant." *Hillman v. U.S. Postal Serv.*, 257 F. Supp. 2d 1330, 1336 (D. Kan. 2003) (emphasis added). Because JBT intends to seek exemplary and enhanced damages, the full amount of the damages has not yet been ascertained. The inclusion of post-judgment interest in the Proposed Judgment is therefore improper.

3

### **OBJECTION 4 – THE PROPOSED JUDGMENT SHOULD NOT INCLUDE "TAXABLE COSTS."**

Defendants further object to the Proposed Judgment on the grounds that it improperly includes "taxable costs." Pursuant to DUCivR 54-2(a), the party entitled to recover costs must file a bill of costs within fourteen days after the entry of final judgment. Any granting of any costs in the Proposed Judgment is therefore premature.

### **OBJECTION 5 –THE PROPOSED JUDGMENT'S CONCLUDING SENTENCE SHOULD REFER TO FUTURE MOTIONS, NOT POTENTIAL FUTURE AWARDS.**

Defendants further object to the Proposed Judgment on the grounds that its concluding sentence states the Court may award additional amounts to JBT, yet no motions have been filed for such amounts. The concluding sentence in the Proposed Judgment should be revised such that it only directs JBT to file any motions for attorney's fees, costs, exemplary or enhanced damages, and interest by a certain date.

Respectfully submitted this the 21st day of October, 2022.

*/s/ Joshua B. Durham*
Joshua B. Durham
Edward B. Davis
BELL, DAVIS & PITT, P.A.

Jeffrey L. Trousdale
Jeremy Cook
COHNE KINGHORN, P.C.

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in the system.

This the 21st day of October, 2022.

/s/ Joshua B. Durham
Joshua B. Durham

Addressee(s):
Harry N. Arger
Steven McMahon Zeller
DYKEMA GOSSET PLLC
10 South Wacker Drive, Ste. 2300
Chicago, IL 60606
harger@dykema.com
szeller@dykema.com
mhays@dykema.com

*Counsel for Plaintiff*

David P. Billings
Robert G. Crockett
FABIAN VANCOTT
215 South State Street, Ste. 1200
Salt Lake City, UT  84111-2323
dbillings@fabianvancott.com
rcrockett@fabianvancott.com