David P. Billings (UT # 11510)  
Robert G. Crockett (UT # 12067)  
**FABIAN VANCOTT**  
215 South State Street, Suite 1200  
Salt Lake City, UT 84111-2323  
Telephone: (801) 531-8900  
Facsimile: (801) 596-2814  
rcrockett@fabianvancott.com  
dbillings@fabianvancott.com  

Harry N. Arger (*pro hac vice*)  
Steven McMahon Zeller (*pro hac vice*)  
**DYKEMA GOSSETT PLLC**  
10 S. Wacker Drive, Suite 2300  
Chicago, IL 60606  
Telephone: (312) 876-1700  
Facsimile:   (312) 876-1155  
harger@dykema.com  
szeller@dykema.com  

*Attorneys for John Bean Technologies Corporation*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants-Counterclaimants. | **PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NONTAXABLE EXPENSES**<br><br>Case No. 1:17-cv-00142-RJS-DAO<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Daphne A. Oberg |

**TABLE OF CONTENTS**

I.  DEFENDANTS' WILLFUL AND MALICIOUS CONDUCT WARRANTS AN AWARD TO JBT OF ITS ATTORNEYS' FEES AND COSTS ON ITS TRADE SECRETS CLAIMS AND ITS LANHAM ACT CLAIM .................................................. 1

    A.  JBT Should Be Awarded Its Attorneys' Fees On Its Trade Secrets Claims. ................... 1

    B.  An Award of Attorneys' Fees to JBT Under the Lanham Act is Warranted. ................. 2

    C.  JBT is entitled to its attorneys' fees for all claims based on the same core set of facts as the trade secret misappropriation and false designation of origin claims. ....................... 4

II.  JBT IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES ON CERTAIN OF DEFENDANTS' COUNTERCLAIMS ............................................................................... 6

    A.  JBT should be awarded attorneys' fees as the Prevailing Party on Defendants' claim for Unfair or Deceptive Trade Practices under N.C. Gen. Stat. §75-1.1. ............................... 6

    B.  JBT is entitled to an award of attorneys' fees as the prevailing party on Defendants' claim for violation of the Utah Truth in Advertising Act, Utah Code Ann. §13-11a-1 *et seq.* ....................................................................................................................................... 8

III.  JBT IS ENTITLED TO ITS NON-TAXABLE COSTS AS PART OF ANY AWARD OF FEES ................................................................................................................................... 9

IV.  JBT'S REQUESTED FEES AND COSTS ARE REASONABLE AND NECESSARY 10

    A.  The Lodestar Method is Employed to Determine Reasonableness. .............................. 10

        1.  The Amount of Hours JBT Requests is Reasonable. ...................................................... 11

        2.  The hourly rates of JBT's attorneys are reasonable. ...................................................... 13

        3.  Calculation of Lodestar. .................................................................................................. 14

V.  CONCLUSION .................................................................................................................. 15

Plaintiff John Bean Technologies Corporation ("JBT" or "Plaintiff"), respectfully submits the following Motion for Attorneys' Fees in light of the jury's October 6, 2017 verdict in favor of JBT finding that Defendants B GSE Group, LLC ("BGSE") and Bryan Bullerdick willfully and maliciously misappropriated JBT's trade secrets, and that Defendant BGSE falsely designated the origin of goods for sale in violation of the Lanham Act. (Doc. 262.) Furthermore, JBT seeks attorneys' fees as the prevailing party as determined by the jury on Defendants' counterclaim under the North Carolina Unfair or Deceptive Trade Practices Act, *id.,* as well as the prevailing party on Defendants' counterclaim under the Utah Truth in Advertising Act, which this Court dismissed upon JBT's motion under Fed. R. Civ. P. 12(b)(6). (Doc. 121.) JBT requests that the Court award all reasonable attorneys' fees and non-taxable costs incurred for the forgoing claims.

I. **DEFENDANTS' WILLFUL AND MALICIOUS CONDUCT WARRANTS AN AWARD TO JBT OF ITS ATTORNEYS' FEES AND COSTS ON ITS TRADE SECRETS CLAIMS AND ITS LANHAM ACT CLAIM**

A. **JBT Should Be Awarded Its Attorneys' Fees On Its Trade Secrets Claims.**

A court may award attorneys' fees under the Defend Trade Secrets Act when "the trade secret was willfully and maliciously misappropriated." 18 U.S.C. §1836(b)(3)(D). Likewise, Utah's Uniform Trade Secret Act ("UUTSA") provides that the court may award reasonable attorneys' fees when "willful and malicious misappropriation exists." Utah Code § 13-24-5. The predicate for awarding attorneys' fees to JBT was met by the jury's unanimous finding that Defendants misappropriated JBT's trade secrets willfully and maliciously by clear and convincing evidence.

An award of attorneys' fees under the UUTSA is compensatory, not punitive. *See StorageCraft Tech. Corp. v. Kirby*, No. 2:08-cv-00921, 2012 U.S. Dist. LEXIS 140704, *4-5 (D. Utah Sept. 27, 2012) (citing *ClearOne Comm'ns, Inc. v. Biamp Sys.,* 653 F.3d 1163, 1185-86

1

(10th Cir. 2012)). The "attorneys' fee award shifts the burden and expense of litigation when willful and malicious misappropriation is found, allowing the plaintiff to recover the full amount awarded by the jury." *Id* (citing *ClearOne Comm'ns*, 653 F.3d at 1185). Just as in *StorageCraft*, the "jury's finding of willful and malicious misappropriation … entitles [JBT] to an award of attorneys' fees and costs." *Id*.

An award of attorneys' fees is appropriate to compensate JBT for the cost incurred in having to bring this action to preserve its rights and to prevent Defendants from continuing to benefit from their misappropriation. Defendants took great pains to hide their actions from JBT. In fact, JBT did not even discover Defendants' transmission of JBT's trade secrets to one of JBT's competitors until after it brought this action.[1] JBT might not have even known of Defendants' misappropriation but for this litigation.

**B.     An Award of Attorneys' Fees to JBT Under the Lanham Act is Warranted.**

The Lanham Act allows a court to award reasonable attorneys' fees to the prevailing party upon a finding that a case is exceptional. 15 U.S.C. § 1117(a). The determination of whether a case is exceptional is to be conducted by the courts "in the case-by-case exercise of their discretion, considering the totality of the circumstances. *Derma Pen, LLC v. 4EverYoung Ltd.*, 999 F.3d 1240, 1246 (10th Cir. 2021) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554. Prior to its adoption of the *Octane Fitness* standard for the Lanham Act in *Derma Pen*, the Tenth Circuit had determined that a case was exceptional under

---

[1] *See* First Amended Verified Complaint (Doc. 99), adding allegations of Defendants' transmission of JBT's trade secrets to Twist, Inc.

the Lanham Act when the wrongdoing is "malicious, fraudulent, deliberate or willful. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1232 (10th Cir. 2000). While not dispositive under the *Octane Fitness* standard, the reasoning of the court in *United Phosphorus* remains a strong indicator that a case is exceptional. *Cf., Derma Pen*, 999 F.3d at 1246 (stating that the factors in *King v. PA Consulting Grp., Inc.*, 485 F.3d 592 (10th Cir. 2007), where defendant is the prevailing party, are still useful for identifying exceptional cases under the *Octane* standard).

Here, Defendants' violation of the Lanham Act was found by the jury to be willful and malicious by clear and convincing evidence. (Doc. 262.) That by itself is enough to find this case to be exceptional. *See Tint World v. Mirror Image Glass & Auto Detailing*, 2022 U.S. Dist. LEXIS 33463, at *30 (D.N.M. Feb. 24, 2022); *Poulin Ventures, LLC v. MoneyBunny Co.*, 2022 U.S. Dist. LEXIS 20114, at *29 (D.N.M. Feb. 3, 2022); *Brady Worldwide, Inc. v. Haz-Mat Response Techs., Inc.*, No. 15-CV-643-JPS, 2016 U.S. Dist. LEXIS 187288, at *11-12 (E.D. Wis. Aug. 17, 2016) ("allegations of willfulness support a finding that this [Lanham Act] case is exceptional and justifies awarding attorneys' fees."); *see also Georgetown Rail Equip. Co. v. Holland L.P.*, No. 6:13-CV-366, 2016 LEXIS 78365, *70 (E.D. Tex. June 16, 2016), *aff'd*, 867 F.3d 1229 (Fed. Cir. 2017) (in patent case under *Octane Fitness* standard, finding that jury's willfulness determination "alone is a 'compelling' indication that this is an exceptional case").

Additionally, this case stands out from others because of Defendants' extraordinarily weak position on JBT's claim for false designation of origin. In granting summary judgment on that claim, the Court found that, on the evidence presented, no reasonably jury could find that Defendants did not violate the Lanham Act. (Doc. 184 at p. 41.) That finding was buttressed by

3

the jury's own finding of Lanham Act violations on the additional evidence presented at trial. (Doc. 262.)

Lastly, Defendants needlessly prolonged this case. Indeed, if Defendants had stopped their unlawful activities when JBT's General Counsel sent a cease and desist letter in December 2016, this case might not have even been filed. Instead, Defendants continued to violate JBT's intellectual property rights, even after the lawsuit was filed. *See* Pltf. Exs. 146a, 146b (transmitting a submittal containing photographs of JBT equipment with logos removed, more than a month after lawsuit was filed). Furthermore, after the Court granted summary judgment to JBT on this claim, Defendants could have accepted responsibility for their actions and settled the matter. Defendants, however, chose not too.

For all these reasons, the Court should find this case exceptional and award JBT its reasonable attorneys' fees under the Lanham Act.

**C.     JBT is entitled to its attorneys' fees for all claims based on the same core set of facts as the trade secret misappropriation and false designation of origin claims.**

Under Utah law, "a party need not segregate its compensable and noncompensable claims if they sufficiently overlap and involve the same nucleus of facts." *Daynight, LLC v. Mobilight, Inc.*, 2011 UT App 28, ¶ 5, 248 P.3d 1010 (citing *Dejavue, Inc. v. U.S. Energy Corp.*, 1999 UT App 355, ¶ 20, 993 P.2d 222 ("[W]hen a plaintiff brings multiple claims involving a common core of facts and related legal theories, and prevails on at least some of its claims, it is entitled to compensation for all attorney fees reasonably incurred in the litigation")); *accord First Am. Title Ins. Co. v. Nw. Title Ins. Agency*, 906 F.3d 884, 900 (10th Cir. 2018).

Likewise, under federal law, the Supreme Court has stated that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."

4

*Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *see also Spulak v. K Mart Corp.*, 894 F.2d 1150, 1160 (10th Cir. 1990). "Claims are related if they are based on 'a common core of fact' or 'related legal theories." *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1310 (10th Cir. 2014) (citing *Hensley*, 461 U.S. at 435)). Courts have relied on the "common core" doctrine to award fees related to unsuccessful claims in both misappropriation of trade secrets and Lanham Act cases. *See, e.g., Atlas Biologicals, Inc. v. Kutrubes*, No. 1:15-cv-00355-CMA-KMT, 2020 U.S. Dist. LEXIS 121433, at *10 (D. Colo. July 10, 2020) (applying common core false designation of origin case); *Ridgeway v. Stryker Corp. (In re Ridgeway)*, No. 18-7651, 2019 U.S. Dist. LEXIS 147316, at *9 (E.D. La. Aug. 28, 2019) (applying common core in trade secret misappropriation case).

JBT's successful claims for trade secret misappropriation and false designation of origin, share common core facts among them. For this reason, JBT seeks the same fee award for both the trade secrets and false designation of origin claims. Furthermore, those claims share common core facts with JBT's successful claims for breach of contract and interference with economic advantage, its unsuccessful false advertising and defamation claims, and its voluntarily dismissed trademark infringement claim.[2] All of these claims were based upon Bullerdick and BGSE having access to, wrongly retaining and using JBT's trade secrets and other confidential and proprietary information to bid and win awards for military projects – awards that Defendants would not have won but for using JBT's material. Accordingly, JBT should not have to segregate the fees for those claims out of its attorneys' fees award.[3]

---

[2] Collectively, for purposes of this motion, these claims are referred to as the "Common Core Claims."
[3] As noted *infra*, JBT has attempted to segregate out, to the extent possible, its fees related to the defense of Defendants' counterclaims from the award sought here. JBT seeks a separate award for the fees related to the defense of two of the counterclaims.

5

## II. JBT IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES ON CERTAIN OF DEFENDANTS' COUNTERCLAIMS

### A. JBT should be awarded attorneys' fees as the Prevailing Party on Defendants' claim for Unfair or Deceptive Trade Practices under N.C. Gen. Stat. §75-1.1.

The North Carolina Unfair or Deceptive Trade Practices Act ("UDTPA") allows for a prevailing party to recover reasonable attorneys' fees if the court finds that the party instituting the action knew, or should have known, the action was frivolous and malicious. N.C. Gen. Stat. §75-16.1. A claim is frivolous "if a proponent can present no rational argument based upon the evidence or law in support [of] it" and it is malicious "if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." *Hatteras/Cabo Yachts, Ltd. Liab. Co. v. M/Y Epic*, No. 4:17-cv-00025-BR, 2021 U.S. Dist. LEXIS 236968, at *5 (E.D.N.C. Dec. 9, 2021) (quoting *West Franklin Pres. Ltd. P'ship v. Nurtur N.C., LLC*, No. 1:14-cv-266, 2016 U.S. Dist. LEXIS 69714, at *16-17 (E.D.N.C. May 27, 2016)). Upon a determination that a claim was frivolous or malicious, it is within the court's discretion to award attorneys' fees. *See Hatteras/Cabo Yachts*, 2021 U.S. Dist. LEXIS 236968, at *5.

Under North Carolina law, prosecution by Defendants of their UDTPA claim warrants an award to JBT of its reasonable attorneys' fees in defense. Initially, Defendants' counterclaim alleged they were damaged by multiple different actions of JBT that violated UDTPA. Specifically, Defendants alleged that JBT: 1) disseminated defamatory statements to numerous business contacts and 2) "str[u]ng along" Defendants' hopes of a renewed distributorship agreement. (Doc. 108, pp. 27-29, 32-33.) JBT sought summary judgment on the UDTPA counterclaim, asserting that Defendants lacked any evidence in support including a lack of any damages or injury. (Doc. 130, pp. 34-35.) In its ruling on the motion, the Court found that a genuine issue of material fact existed concerning whether JBT's actions proximately caused

6

Defendants' alleged injuries. (Doc. 184, p. 77). Additionally, while finding that the "cover letter" contained false statements and constituted a deceptive business practice under the Act, the Court specifically characterized JBT's false statements as "relatively benign" and questioned whether Defendants could prove any damages related thereto. *Id.*

The case of *Castle McCulloch, Inc. v. Freedman* is close in point. 169 N.C. App. 497, 504, 610 S.E.2d 416, 422 (2005) (upholding an award of fees even though the trial court had previously denied a motion for summary judgment); *affirmed,* 360 N.C. 57, 620 S.E.2d 674 (2005). In *Castle McCulloch*, the trial court found that "the plaintiff knew, or should have known, that it would be unable to establish any damages arising from the alleged conduct of the defendants." *Id*. at 504. The trial court further stated that the plaintiff had failed to present sufficient evidence to prove that it "had suffered any economic injury caused by any of the alleged actions by the defendants." *Id.*

Just like *Castle McCulloch*, Defendants' here should have known that they lacked sufficient evidence of any economic injury on the "Korea Project" resulting from JBT's alleged actions. The only evidence of injury presented at trial consisted of uncorroborated and self-serving testimony from Bryan Bullerdick about the Korea Project. No documentary or disinterested testimony was presented to support Defendants' contention that Defendants were harmed by any action of JBT on the Korea Project. To the contrary, the documentation showed that Bullerdick understood that the design for the project had changed, months after the date of the quote used as the basis for Defendants' alleged damages. Pltf. Ex. 500; Defs. Ex. 1051. Bullerdick knew that BGSE's quote was not applicable to the changed project, yet based Defendants' alleged damages on it anyway. Such evidence does not meet the level required to prove lost profits under North Carolina law. *See Iron Steamer, Ltd. v. Trinity Rest., Inc.*, 110

7

N.C. App. 843, 847, 431 S.E.2d 767, 770 (1993) ("damages for lost profits will not be awarded based upon hypothetical or speculative forecasts of losses."). The jury rightfully disregarded Bullerdick's self-serving testimony and lack of proof, and awarded Defendants zero dollars on the claim. (Doc. 262.)

An award of attorneys' fees is further supported on Defendants' UDTPA counterclaim as it was clearly the result of ill will. Bullerdick was particularly desperate about losing the Korea Project to JBT, as he viewed a win for JBT as potentially changing the "business future" of BGSE, causing BGSE to "no longer be the gold standard." Pltf. Ex. 496. He was particularly concerned that JBT was underbidding him. *Id.* Bullerdick was so desperate that he resorted to surreptitiously calling a JBT employee to seek information about JBT's efforts on the Korea Project. Pltf. Ex. 494. Such evidence was soundly rejected by the jury.

JBT is thus entitled to an award of attorneys' fees for defending against Defendants' UDTPA counterclaim.

    **B.**     **JBT is entitled to an award of attorneys' fees as the prevailing party on Defendants' claim for violation of the Utah Truth in Advertising Act, Utah Code Ann. §13-11a-1 *et seq.***

Utah state law controls the question of whether JBT is entitled to the award of fees for defending against Defendants' Utah Truth in Advertising Act ("UTIAA") claim. *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1239 (10th Cir. 2018). Under UTIAA, "[t]he court *shall* award attorneys' fees to the prevailing party." Utah Code §13-11a-4(2)(c) (emphasis added). "When determining which party prevailed," the Utah Supreme Court "has 'stressed the importance of looking at the amounts actually sought and then balancing them proportionally with what was recovered.'" *Maxwell v. North Ridge*, 2022 UT App 109, ¶ 31, --- P.3d --- (quoting *Jordan Constr., Inc. v. Federal Nat'l Mortgage Ass'n*, 2017 UT 28, ¶ 65, 408 P.3d 296 (quotation simplified)). A party who succeeds on a motion to dismiss is a prevailing party for

purposes of receiving attorneys' fees. *See, e.g., Bonnema v. Shafizadeh*, 2005 Utah App. LEXIS 57, *4-5, 2005 UT App 54 (holding that trial court correctly awarded attorneys' fees to defendant as prevailing party after granting a motion to dismiss).

Utah law further requires a party to "allocate its fee request according to its underlying claims." *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) That "party must categorize the time and fees expended for … 'successful claims for which there may be an entitlement to attorney fees." *Id*. (quoting *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 268 (Utah 1992)).

Defendants' UTIAA counterclaim was first included in their Amended Answer, filed on September 27, 2017, and was again included in Defendants' Answer to the First Amended Complaint, filed April 4, 2018. (Doc. 108.) JBT initially moved to dismiss the original UTIAA counterclaim on November 8, 2017 (Doc. 62), and renewed the motion on April 18, 2018. (Doc. 111.) The Court granted JBT's motion and dismissed Defendants' UTIAA counterclaim on September 25, 2018. (Doc. 121.) JBT is the prevailing party and is therefore entitled to an award of attorneys' fees incurred in defending the claim.

### III. JBT IS ENTITLED TO ITS NON-TAXABLE COSTS AS PART OF ANY AWARD OF FEES

Non-taxable costs, such as travel, are included in the concept of attorneys' fees as "incidental and necessary expenses incurred in furnishing effective and competent representation." *StorageCraft.,* 2012 U.S. Dist. LEXIS 140704, *4 (citing *Brown v. Gray,* 227 F.3d 1278, 1297 (10th Cir. 2000)). Recoverable attorneys' fees include "the cost of retaining an attorney [such as] the expenses usually paid in an engagement agreement." *Id.* (citing *ClearOne Comm'ns, Inc. v. Chiang*, No. 2:07-cv-37-TC-DN, 2009 U.S. Dist. LEXIS 121061, *7 (D. Utah Dec. 30, 2009)). Non-taxable costs should be awarded if "(1) the expenses are not absorbed as part of a law firm overhead but are normally billed to a private client, and (2) the expenses are

9

reasonable." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.,* 21 F. Supp. 2d 1255, 1262 (D. Kan. 1998), *rev'd in part on other grounds,* 205 F.3d 1219 (10th Cir. 2000) (citing *Jane L. v. Bangerter,* 61 F.3d 1505, 1517 (10th Cir. 1995)). Courts in intellectual property cases have frequently exercised their discretion to award non-taxable expenses of the types of costs JBT seeks here. *See StorageCraft,* 2012 U.S. Dist. LEXIS 140704, *6 (in a trade secret case, awarding expenses for legal research, travel for hearings and depositions, delivery and postage, and other miscellaneous costs); *ClearOne Comm'ns,* 2009 U.S. Dist. LEXIS 121061, *7 (in a trade secret cases, awarding expenses for process service, legal research, deposition travel, trial meals, and expert fees); *Sun Media Sys., Inc. v. KDSM,* 587 F. Supp. 2d 1059, 1078–79 (S.D. Iowa 2008) (in intellectual property and trade secret case, awarding expenses for shipping and travel expenses); *World Triathlon Corp. v. Dunbar,* 539 F. Supp. 2d 1270, 1290 (D. Haw. 2008) (in Lanham Act case, awarding travel and postage costs).

JBT seeks its expenses related to the attorneys' fees requested herein. Those expenses includes costs for travel for depositions, hearings and trial, legal research, delivery and postage fees, electronic discovery services and other miscellaneous costs. As detailed in the Zeller Declaration, the total amount of costs requested by JBT incurred by Dykema is $327,295.20. JBT also seeks nontaxable costs incurred by Fabian VanCott in the amount of $1,097.17, as detailed in the D. Billings Declaration. Any award of JBT's attorneys' fees should include the related costs as incidental to the services of JBT's attorneys.

### IV. JBT'S REQUESTED FEES AND COSTS ARE REASONABLE AND NECESSARY

#### A. The Lodestar Method is Employed to Determine Reasonableness.

In determining what constitutes "reasonable" attorneys' fees, the "lodestar" method is employed under the law of both Utah and the Tenth Circuit. *See USA Power, LLC v. PacifiCorp*,

2016 UT 20, ¶ 92, 372 P.3d 629, 662 (applying lodestar method in UUTSA case); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (applying lodestar method in Lanham Act case). The lodestar method is the amount of reasonable hours multiplied by the reasonable billing rate. *See United Phosphorus*, 205 F.3d at 1233. The method is a two-step process: "first, determine the reasonable number of hours billed, and second, determine the reasonable hourly rate for that time." *Morrison v. Express Recovery Servs.*, No. 1:17-cv-51, 2020 U.S. Dist. LEXIS 119995, at *2 (D. Utah July 7, 2020). For the first step, "[t]he party requesting attorney fees bears the burden of proving the amount of hours spent on the case." *United Phosphorus*, 205 F.3d at 1233. In the second step, "the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation." *Id*. (quoting *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1255 (10th Cir. 1998)). "The party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id* (quoting *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir.1998)).

          **1.**       **The Amount of Hours JBT Requests is Reasonable.**

Attached to the Declaration of Steven McMahon Zeller is a spreadsheet reflecting the true and correct time entries billed to JBT for the attorneys, paralegals and electronic discovery specialists with the law firm of Dykema Gossett PLLC ("Dykema"), JBT's primary counsel in this case. (Declaration of Steven McMahon Zeller (the "Zeller Declaration"), ¶6.) JBT requires Dykema to submit invoices electronically, so actual invoices do not exist. *Id.* ¶5. Additionally, attached to the Declaration of David P. Billings (the "D. Billings Declaration") are copies of all invoices reflecting the fees and costs billed to JBT by the law firm of Fabian VanCott, acting as JBT's local counsel in this case. The spreadsheet and invoices represent "meticulous,

11

contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allocated to specific tasks." *Utah Physicians for a Healthy Env't., Inc. v. Diesel Power Gear, LLC*, No. 2:17-cv-00032-RJS, 2021 U.S. Dist. LEXIS 15091, at *6-8 (D. Utah Jan. 26, 2021) (quoting *Case*, 157 F.3d at 1250).

Each individual time entry of the Dykema firm was reviewed to determine its applicability to one or more of the specific claims for which JBT is entitled to seeks its fees. JBT has allocated the total amount of hours expended by each time keeper on this matter between three categories: 1) time related to the Common Core Claims; 2) time related to the defense of Defendants' UDTPA claim; and 3) time related to the defense of Defendants' UTIAA claim. A summary of the hours requested for each timekeeper in each category is included in the Zeller Declaration.

With the exception of certain fee entries related to the UTIAA counterclaim, the fees billed by the Fabian VanCott firm were substantially related to the litigation in general and were not individually allocated. Instead, JBT seeks recovery of 90% of the Fabian VanCott hours from all billers as part of the Common Core Claim, and 5% the defense of the UDTPA counterclaim of the fees billed by David Billings and Cheryl Buhler only. (*See* D. Billings Declaration.)

| Fabian VanCott Attorney/Paralegal | Defense of UTIAA claim | Total Remaining Hours | Common Core Claims | Defense of UDTPA claim |
|---|---|---|---|---|
| Billings, David P. | 13.9 | 193.4 | 174.06 | 9.7 |
| Buhler, Cheryl A. | 0.0 | 112.0 | 100.8 | 5.6 |
| Crockett, Robert G. | 0.0 | 13.7 | 12.3 | -- |
| Steiert, Jason D. | 8.1 | 1.2 | 8.4 | -- |
| Parks, Mashell | 0.8 | 0 | 0 | -- |

As set forth in the Zeller and Billings Declarations, counsel for JBT has exercised appropriate billing judgment by carefully reviewing each billing entry on the invoices to JBT to determine whether those fees were reasonable and properly attributed to the categories for which

JBT seeks its fees. *See Case*, 157 F.3d at 1250 (stating that the district court must "ensure that the winning attorneys have exercised 'billing judgment' … by "winnowing the hours actually expended down to the hours reasonably expended").

The total hours expended on this matter is reasonable. In determining whether the amount of hours is reasonable, a court considers the following factors: "(1) 'the complexity of the case,' (2) 'the number of reasonable strategies pursued,' (3) 'the responses necessitated by the maneuvering of the other side,' and (4) 'the potential duplication of services.' *Utah Physicians*, 2021 U.S. Dist. LEXIS 15091, at *7 (quoting *Case*, 157 F.3d at 1250).

Here, there is no question that this case was complex, as it involved multiple intellectual property claims, a motion for preliminary injunction, two motions for rule to show cause alleging violations of an agreed preliminary motion, multiple dispositive motions covering all sixteen claims and counterclaims, and a multi-week jury trial. Additionally, to resolve the two motions for rule to show cause, Defendants turned over all non-privileged files on all business-related hard drives, consisting of over 550,000 electronic documents. Plaintiff was required to sift through those documents to piece together the full extent of Defendants' wrongdoing across multiple different military projects involving numerous third-parties. Accordingly, the hours presented here are reasonable and were necessary for this matter.

        **2.**     **The hourly rates of JBT's attorneys are reasonable.**

In this case, the requested attorney rates – ranging between $295 and $715 - are reasonable for a matter this this and are consistent with those of similarly situated lawyers. According to the annual economic survey of the American Intellectual Property Association, in 2018, the mean (average) billable rate for an intellectual property partner in the 'Other West'

category[4] was $496.00, while it was only slightly more in Chicago at $537.00. (*See* Zeller Declaration, Exhibit C.) The average rate for an intellectual property associate was $413.00 in the Other West category and $378.00 in Chicago.

JBT's counsel billed an average rate of $569.00 / hr. for Steven Zeller, its primary counsel on this matter, and billed an average rate of $648.00 / hr. for Harry Arger, its lead trial counsel. Mr. Weil, who oversaw the case from start to finish, was billed at an average rate over the course of this case was $685.00 / hr. Mr. Zeller has over twenty-two years experience as an intellectual property litigator, handling matters involving patents, trademarks, and trade secrets. (Zeller Declaration, ¶18.) Mr. Arger is an accomplished trial attorney with over thirty-four years of experience. He has participated in more than forty jury trials, and was first-chair on over twenty of them. (Zeller Declaration, ¶20.) Mr. Weil has over thirty-five years as a litigation attorney, concentrating in the areas of commercial and intellectual property law disputes. Mr. Weil acted as a lead member of the litigation team from the beginning of the matter through the current post-trial period. (Zeller Declaration, ¶19.)

The local firm of Fabian VanCott billed JBT an average rate of $279.00 / hr. for shareholder David Billings, and $180.00 / hr. for paralegal Cheryl Buhler.

The rates charged by JBT's attorneys are reasonable and commiserate with the rates charged by counsel from regional and national firms with similar experience and expertise who practice in Utah courts. *See* Declaration of Peter W. Billings, ¶6.

    **3.**    **Calculation of Lodestar.**

Based on the above reasonable amount of hours and reasonable rates, JBT requests a fee award for each attorney under each recoverable category as follows:

---

[4] The Other West category includes the Western United States, excluding Los Angeles and San Francisco. (Zeller Declaration, Exhibit C.)

| Dykema Attorney/Paralegal | Common Core Claims | Defense of UDTPA claim | Defense of UTIAA claim |
|---|---|---|---|
| Zeller, Steven M. | $1,207,080.08 | $36,322.15 | $8,870.20 |
| Derksen, Michael F. | $284,800.08 | $15,082.53 | $11,629.13 |
| Hays, Matthew T. | $185,330.30 | $3,031.15 | $1,640.05 |
| Weil, Edward S. | $307,169.40 | $5,519.48 | $3,306.45 |
| Arger, Harry N. | $290,843.00 | $- | $- |
| Brunty, Christina C. | $55,491.43 | $15,527.99 | $93.00 |
| Fry, Melanie | $80,066.50 | $- | $- |
| Connor, Kevin | $51,596.58 | $- | $- |
| Kramer, Heather L. | $51,278.78 | $8,837.55 | $- |
| Narayanan, Srinithi | $2,200.00 | $- | $- |
| Chertok, Benjamin W. | $2,788.00 | $- | $- |
| Welch, Katie J. | $1,530.00 | $- | $- |
| Lee, So Young (Anna) | $- | $315.00 | $- |
| Iwrey, Howard B. | $1,101.60 | $- | $- |
| Stella, Dante A. | $604.50 | $- | $- |
| Jamal, Mariam K. (Para) | $11,758.03 | $684.53 | |
| Perkowitz, Cathy A. (Para) | $12,394.05 | $85.75 | |
| Pisigan, Jeremy A. (Para) | $765.00 | | |
| **TOTALS** | **$2,546,797.33** | **$85,406.13** | **$25,538.83** |

| Fabian VanCott Attorney/Paralegal | Common Core Claims | Defense of UDTPA claim | Defense of UTIAA claim |
|---|---|---|---|
| Billings, David P. | $48,780.45 | $2,710.03 | $3,606.50 |
| Buhler, Cheryl A. | $18,144.00 | $1,008.00 | 0 |
| Crockett, Robert G. | $2,835.90 | 0 | 0 |
| Steiert, Jason D. | $189.00 | 0 | $1,417.50 |
| Parks, Mashell | 0 | 0 | $136.00 |
| **TOTALS** | **$69,949.35** | **$3,718.03** | **$5,160.00** |

## V.   CONCLUSION

For the foregoing reasons, JBT should be awarded its attorneys' fees and costs, in the totals set forth below.

| | |
|---|---|
| Trade Secrets, False Designation of Origin and Common Core claims: | **$2,616,746.68** |
| Defense of UDTPA claim: | **$89,124.16** |
| Defense of UTIAA claim: | **$30,698.83** |
| Non-taxable costs (categorized in § III, *supra*.) | **$328,392.37** |

Dated: November 15, 2022                    Respectfully submitted by:

/s Steven McMahon Zeller

David P. Billings
Robert G. Crockett
FABIAN VANCOTT

Harry N. Arger
Steven McMahon Zeller
DYKEMA GOSSETT PLLC

*Counsel for Plaintiff-Counterdefendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in the system.

                                       /s/ *Steven McMahon Zeller*
                                         Steven McMahon Zeller

4868-9051-0141.1

4868-9051-0141.3