| | |
|---|---|
| David P. Billings (UT # 11510) | Harry N. Arger (*pro hac vice*) |
| Robert G. Crockett (UT # 12067) | Steven McMahon Zeller *(pro hac vice)* |
| **FABIAN VANCOTT** | **DYKEMA GOSSETT PLLC** |
| 215 South State Street, Suite 1200 | 10 S. Wacker Drive, Suite 2300 |
| Salt Lake City, UT 84111-2323 | Chicago, IL 60606 |
| Telephone: (801) 531-8900 | Telephone: (312) 876-1700 |
| Facsimile: (801) 596-2814 | Facsimile:    (312) 876-1155 |
| rcrockett@fabianvancott.com | harger@dykema.com |
| dbillings@fabianvancott.com | szeller@dykema.com |

*Attorneys for John Bean Technologies Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff-Counterdefendant,<br><br>v.<br><br>B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an indivdiual,<br><br>Defendants-Counterclaimants. | **DECLARATION OF STEVEN MCMAHON ZELLER IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NONTAXABLE EXPENSES**<br><br>Case No. 1:17-cv-00142-RJS-DAO<br><br>Judge: Robert J. Shelby<br><br>Magistrate Judge: Daphne A. Oberg |

I, Steven McMahon Zeller, hereby declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.  I am a member with the law firm of Dykema Gossett PLLC ("Dykema"), counsel for Plaintiff, John Bean Technologies Corporation ("JBT") in this matter.

2.  The matters set forth herein are true and correct based on my own personal knowledge and information provided to me. I submit this Declaration in Support of Plaintiff's Motion for Award of Attorneys' Fees and Nontaxable Expenses.

3.       Unless otherwise noted or supported by the attached exhibits, I submit this Declaration based on my own personal knowledge of the facts described herein or based upon records reviewed or information obtained during my investigation of the facts stated.

4.       Consistent with Dykema's general practice, each timekeeper who worked on this case kept and maintained detailed daily records showing the time he or she worked on this case and a brief description of that work.

5.       Dykema electronically provided monthly invoices to JBT containing the fees and costs incurred, for the most part, during the previous month. Since JBT requires electronic billing from its outside attorneys, no physical invoices were transmitted to JBT, and thus no copies of such invoices exist.

6.       The spreadsheet attached hereto as Exhibit A reflects the true and correct time entries submitted by Dykema to JBT through its electronic billing system on a monthly basis, with the invoice number and invoice date for each such time entry.

7.       The spreadsheet attached hereto as Exhibit B reflects the true and correct costs and other disbursements submitted by Dykema to JBT through its electronic billing system on a monthly basis, with the invoice number and date listed for each cost item.

8.       All invoices have been fully paid by JBT, with the exception of the invoice containing fees and expenses incurred in October 2022. Such invoice has been submitted to JBT and, according to my understanding, is slated to be paid in the usual course.

9.       The time entries have been redacted where necessary to protect attorney-client and/or work product privilege, and redacted to omit line items for which fees and expenses are not being sought.

10. I have reviewed the fee entries reflected in Exhibit A in order to ascertain with as much accuracy as possible the total amount of fees recoverable under one of the three categories of fees that JBT is seeking: I) the trade secret misappropriation claims; the false designation of origin claim; and all other claims based on the same "common core" of facts (hereinafter the "Common Core Claims"); II) the defense of Defendants' North Carolina Unfair or Deceptive Trade Practices Act ("UDTPA") claim; and III) the defense of Defendants' Utah Truth in Advertising Act ("UTIAA") claim.

11. In conducting this review and allocating Dykema's fee entries, I applied the following standards:

    a. if a fee entry solely related to one of the three fee categories, then 100% of that fee entry was allocated to the respective category;

    b. if a fee entry partially related to one of the three categories and partially to a different cause of action, then only a portion of that fee entry was allocated to the respective category. The portion of each fee entry that was allocated to the indicated category is my reasonable approximation based upon my experience as primary counsel in this action;

    c. if a fee entry related solely to the defense of Defendants' counterclaims generally, such as those related to JBT's Motion for Summary Judgment on Defendants' Counterclaims, then 0% of that fee entry was allocated to the Common Core Claims and the remaining was allocated, as a reasonable approximation, per the following parameters:

        i. prior to the dismissal of the UTIAA claim on September 25, 2018, 25% of that fee entry was allocated to the UDTPA claim and 10% to the UTIAA claim;

        ii. between September 25, 2018 and entry of summary judgment on August 13, 2020, 35% of that fee entry was allocated to the UDTPA claim; and

        iii. after August 13, 2020, 100% of that fee entry was allocated to the UDTPA claim;

    d. if a fee entry related generally to the Motion to Dismiss Defendants' Counterclaims filed on November 8, 2017, or the Renewed motion filed on April 18, 2018, then 65% of that fee entry was allocated to the UTIAA claim, as a reasonable approximation of the allocation of the issues addressed in the motion;

  e. for fee entries related to the depositions of Bryan Bullerdick, Scott Dils and Patrick Lester, 92% of those fee entries was allocated to the Common Core claims and 8% was allocated to the UDTPA claim, as a reasonable approximation of the allocation of the issues addressed during those depositions;

  f. for fee entries related to the depositions of Brian DeRoche, Scott Gwilliam, Gabe Magallanez and were allocated 25% to the UDTPA claim and 65% to the Common Core claims as a reasonable approximation of the allocation of the issues addressed during those depositions;

  g. for fee entries related generally to the litigation, with no obvious relationship to either of the UDTPA or UTIAA claims, or the counterclaims, then prior to entry of summary judgement on August 13, 2020, 85% of the fee entry was allocated to the Common Core claims, and 100% was allocated to the Common Core claims after August 13, 2020.

  h. for fee entries related solely to an issue unrelated to the prosecution of any claim or defense of any counterclaim, then 0% of that fee was allocated to one of the fee categories.

  12. The number of hours for each timekeeper attributed to each category of fees is in the table below:

| Dykema Attorney/Paralegal | Common Core Claims | Defense of UDTPA claim | Defense of UTIAA claim |
|---|---|---|---|
| Zeller, Steven M. | 2089.4 | 62.6 | 15.4 |
| Derksen, Michael F. | 732.9 | 38.5 | 30.2 |
| Hays, Matthew T. | 601.4 | 9.9 | 5.4 |
| Weil, Edward S. | 440.8 | 7.9 | 4.9 |
| Arger, Harry N. | 448.5 | 0.0 | |
| Brunty, Christina C. | 178.6 | 50.0 | 0.3 |
| Fry, Melanie | 202.7 | 0.0 | |
| Connor, Kevin | 153.4 | 0.0 | |
| Kramer, Heather L. | 104.3 | 18.0 | |
| Narayanan, Srinithi | 10.0 | 0.0 | |
| Chertok, Benjamin W. | 8.2 | 0.0 | |
| Welch, Katie J. | 5.1 | 0.0 | |
| Lee, So Young (Anna) | | 1.0 | |
| Iwrey, Howard B. | 1.5 | 0.0 | 0 |
| Stella, Dante A. | 1.3 | 0.0 | 0 |
| Jamal, Mariam K. (Para) | 58.7 | 3.4 | |
| Perkowitz, Cathy A. (Para) | 49.9 | 0.4 | |
| Pisigan, Jeremy A. (Para) | 3.4 | | |

  13. My staff and I have further categorized nontaxable expenses into five categories: (a) travel related to depositions, hearings and trial; (b) postage, mail, and other delivery services;

(c) legal research; (d) electronic discovery services, including database hosting[1], and (e) miscellaneous expenses, including mediation. The amount that JBT incurred in each nontaxable expense category was calculated as follows:

    i.    Travel:  $ 30,158.56

    ii.    Mail/Delivery:  $1,264.02

    iii.    Legal research:  $10,748.05

    iv.    Electronic discovery – tech. personnel hours: $19,511.28

    v.    Electronic discovery – data hosting: $252,357.50

    vi.    Electronic discovery – other: $6,440.65

    vii.    Miscellaneous (incl. conf. calls, mediation costs):  $ 6,815.14

14. The total nontaxable expenses requested by JBT is:  $327,295.20

15. JBT incurred $262,517.61 for expert services and trial testimony for a damages expert, but is not requesting recovery for such costs.

16. The following table summarizes the job title and billing rates of individual timekeepers from Dykema that have billed to this matter. Ranges are used when individual billing rates changed over the course of this litigation. I affirm that the hourly fees charged by the Dykema timekeepers in this matter are reasonable.

| Name | Job Title | Billing Rate Range |
|---|---|---|
| Arger, Harry N. | Member | $590 - $650 |
| Fry, Melanie | Member | $395 |
| Kramer, Heather L. | Member | $490 - $495 |
| Stella, Dante A. | Member | $465 |
| Weil, Edward S. | Member | $675 - $715 |
| Zeller, Steven M. | Member | $560 - $595 |
| Brunty, Christina C. | Associate | $310 - $325 |

---

[1] Dykema employs Litigation Support personnel for most electronic discovery services. Those employees bill clients at hourly rates, and their time entries appear in the spreadsheet of Exhibit A. Those charges, totaling $19,511.28, are allocated under this cost category rather than included in the requested attorneys' fees.

| Name | Job Title | Billing Rate Range |
|---|---|---|
| Chertok, Benjamin W. | Associate | $340 |
| Connor, Kevin | Associate | $325 - $355 |
| Derksen, Michael F. | Associate | $375 - $395 |
| Hays, Matthew T. | Associate | $295 - $325 |
| Lee, So Young (Anna) | Associate | $300 |
| Welch, Katie J. | Associate | $300 |

17.     Each of the Dykema partners who were substantially involved in this matter brought unique and critical skills and experience to the litigation team. Their different skill sets kept duplication of effort to a bare minimum.

18.     I have been the primary day-to-day counsel on this case since inception. I have been a litigation attorney for twenty-six years, and have over twenty-two years experience as an intellectual property litigator, handling matters involving patents, trademarks, and trade secrets. I brought particular specialized expertise highly relevant to this case as I am a mechanical engineer who specialized in heating, ventilating and air-conditioning. I am also a registered patent attorney.

19.     Mr. Weil oversaw this matter as the lead litigator from the beginning through the current post-trial phase. Mr. Weil has over thirty-five years as a litigation attorney, concentrating in the areas of commercial and intellectual property law disputes.

20.     Mr. Arger served as lead trial attorney for the matter. He has over thirty-four years of experience and has participated in more than forty jury trials, more than half of them as first chair.

21.     Ms. Fry is one of the leaders in Dykema's appellate practice, and served as embedded appellate counsel for the matter, assisting in the trial preparation and presentation. She has over twelve years of experience, and participates in almost a half-dozen trials per year.

22. In sum, JBT is seeking fees bill by Dykema in the amount of **$2,616,746.68** related to the Common Core Claims, **$89,124.16** related to the UDTPA counterclaim, and **$30,698.83** related to the UTIAA claim. Further, JBT seeks nontaxable costs incurred by Dykema in the amount of **$328,392.37**.

23. JBT also seeks the attorneys' fees and expenses that co-counsel at Fabian VanCott billed on this matter, which is addressed in detail in the Declaration of David P. Billings, submitted contemporaneously herewith.

Executed on the 15th day of November, 2022.

Signature: /s *Steven McMahon Zeller*
Name:      Steven McMahon Zeller