Paul T. Moxley (2342)
Jeffrey L. Trousdale (14814)
Jeremy Cook (10325)
COHNE KINGHORN, P.C.
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
pmoxley@ck.law
jtrousdale@ck.law
jcook@ck.law

Edward B. Davis (admitted *pro hac vice*)
Joshua B. Durham (admitted pro hac vice)
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178
ward.davis@belldavispitt.com
jdurham@belldavispitt.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| JOHN BEAN TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>B GSE GROUP, LLC, a North Carolina limited liability company, and BRYAN BULLERDICK, an individual,<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO REGISTER JUDGMENT IN OTHER DISTRICTS**<br><br>Case No. 1:17-cv-00142-RJS-EJF<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge: Evelyn J. Furse |

Defendants B GSE Group, LLC ("BGSE") and Bryan Bullerdick ("Bullerdick"), (collectively, "Defendants"), serve this response to Plaintiff's Motion for Leave to Register Judgment in Other Districts.[1] For the reasons stated herein, Defendants request that JBT's Motion be denied.

---

[1] Doc. 295.

## ARGUMENT

As the Court is aware, Defendants have a pending Motion to Dispense with Supersedeas Bond and Stay Execution, or, in the alternative, to Reduce Bond.[2] Briefing on the motion is not yet complete. Because the outcome of the motion may have a substantial impact on JBT's Motion to Register and JBT's ability to execute on the judgment, Defendants request that the Court defer ruling on the Motion to Register. Even if the Court denies Defendants' motion and requires a bond, the Court should still defer ruling on JBT's Motion to Register until such time as Defendants can satisfy any bond or not. This appears to be the preferred approach.[3]

If the Court is not so inclined, JBT concedes that the judgment in this matter may only be entered in other districts upon a finding of good cause, as the judgment has not yet become final by appeal and the appeal time has not expired.[4] JBT has not established good cause.

JBT points out that Bullerdick is a North Carolina resident and BGSE is a North Carolina limited liability company.[5] However, mere residency in another jurisdiction does not constitute good cause under 28 U.S.C. § 1963.[6] Rather, the presence of "substantial property" that can be attached or garnished in a foreign district *may* constitute good cause.[7] On this point, JBT's evidence is scarce. JBT alleges that Bullerdick owns residential property in Mecklenburg County,

---

[2] Doc. 290.
[3] *See Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.C. Cir. 2002) ("permission to register should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond"). *See also Johns v. Rozet*, 143 F.R.D. 11, 12-13 (D.C. Cir. 1992) (permitting registration when defendant failed to post supersedeas bond within court-ordered deadline for doing so).
[4] Doc. 295 at p. 2.
[5] *Id*. at p. 3.
[6] *Bingham v. Zolt*, 823 F. Supp. 1126, 1136 (S.D.N.Y. 1993).
[7] *Republic Bank v. Amtec Precision Products, Inc.*, No. 1:06-CV-112, 2008 WL 410130 at *1 (D. Utah Feb. 12, 2008); *Hardin v. Dadlani*, No. 11:2052, 2016 WL 11785655 at *2 (D.C. Cir. Nov. 8, 2016).

North Carolina.[8] However, Bullerdick owns that property with his wife.[9] As such, he and his wife own the property as tenants by the entirety, a legal interest about which North Carolina courts have said:

> When land is conveyed or devised to a husband and wife as such, they take the estate so conveyed or devised, as tenants by the entirety, and not as joint tenants, or tenants in common. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof.[10]

As entireties property, the property is exempt from execution.[11] Absent any other showing of assets that Bullerdick may own in North Carolina or anywhere, JBT does not clear the good cause threshold.

Nor does JBT make a sufficient case for registering the judgment in West Virginia. JBT alleges that Luckey Enterprises LLC, of which Bullerdick is a member, owns property there.[12] Specifically, JBT alleges that Luckey Enterprises owns a 1.5870-acre parcel in the Grant District, Map 6, Parcel 53.7.[13] However, JBT fails to explain why Luckey Enterprises' actions or holdings are relevant here. Luckey Enterprises is a completely separate legal entity, and it is not a party to this action.

Even if Luckey Enterprises was somehow relevant to this motion, JBT's information is undisputedly incorrect. Luckey Enterprises does not own real estate in Monongalia County, West

---

[8] Doc. 295 at p. 3.
[9] *See* Ex. A, attached hereto.
[10] *Boone v. Rogers*, 708 S.E.2d 103, 105 (N.C. Ct. App. 2011).
[11] *L & M Gas Co. v. Leggett*, 161 S.E.2d 23, 26 (N.C. 1968).
[12] Doc. 295 at p. 3.
[13] Doc. 295-4.

Virginia. Luckey Enterprises sold the 1.5870-acre parcel on October 29, 2021, to Anderson Excavating LLC.[14] JBT does not establish good cause to register the judgment in West Virginia.

## CONCLUSION

For the reasons above, Defendants request that the Court defer ruling on JBT's motion until Defendants' Motion to Dispense with Supersedeas Bond and Stay Execution, or, in the alternative, to Reduce Bond is fully resolved. In the alternative, in the event the Court does not defer any ruling, Defendants request that JBT's motion be denied.

Respectfully submitted this the 3rd day of January, 2023.

/s/ *Joshua B. Durham*
Joshua B. Durham
Edward B. Davis
BELL, DAVIS & PITT, P.A.

Jeffrey L. Trousdale
Jeremy Cook
COHNE KINGHORN, P.C.

*Counsel for Defendants*

---

[14] *See* Ex. B, attached hereto.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in the system.

This the 3rd day of January, 2023.

                                                            */s/ Joshua B. Durham*
                                                            Joshua B. Durham

Addressee(s):

| | |
|---|---|
| Harry N. Arger | David P. Billings |
| Steven McMahon Zeller | Robert G. Crockett |
| DYKEMA GOSSET PLLC | FABIAN VANCOTT |
| 10 South Wacker Drive, Ste. 2300 | 215 South State Street, Ste. 1200 |
| Chicago, IL  60606 | Salt Lake City, UT  84111-2323 |
| harger@dykema.com | dbillings@fabianvancott.com |
| szeller@dykema.com | rcrockett@fabianvancott.com |

*Counsel for Plaintiff*